EZEKIEL S. LOCKWOOD *v.* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK.

*It seems* that municipal corporations are not responsible for injuries to third persons arising from the negligence, want of skill, or carelessness of contractors, or those employed under them, while engaged in the prosecution of repairs upon the streets of the city.

But it is otherwise where the injury is occasioned, not by any fault of the contractor or his servants, but is the result of an act which the corporation, by their contract, direct to be done. In such a case, the principle of *respondeat superior* applies. Where the contractor has merely done what he was required to do by the contract, he is not the party to be made responsible; but those who directed him to do the act must answer for the damage occasioned thereby.

APPEAL by defendants from a judgment of the First District Court. This action was brought to recover damages for injuries occasioned to the plaintiff's house in the building of a sewer. By contract made in September, 1854, with the defendants, through the Croton Aqueduct Board, Abraham H. Legett was employed to construct a sewer running from the East river through Forty-ninth street to Second avenue, thence up that avenue to Fifty-third street, through Fifty-third street to Third avenue, and thence up that avenue to Fifty-sixth street. By the terms of the contract, Legett was required in all

cases to draw the sheath-piling as the work progressed, unless directed otherwise in writing by the Board. The work was performed under this contract by John L. Brown, in place of Mr. Legett. It was done under the supervision of an inspector appointed by the Croton Aqueduct Board.

The plaintiff's premises were in Fifty-third street, between Second and Third avenues. At this place, the excavation for the sewer was 22 feet deep and 16 feet wide. Two inch spruce plank were used to shore up and prevent the caving in of the earth. On the completion of the sewer, the rest of the excavation was filled up with dirt, and these plank (which constitute what is called "sheath-piling") were withdrawn. The contractor testified that the sheath-piling should have been left in, and that he spoke to the inspector about it; but, receiving no directions to leave it in, drew it out, being required to do so by the contract. In consequence of the drawing of it out, the earth on each side settled, and the plaintiff's house was injured, his stoop was broken off from its fastenings to the house and pitched over forward, the stones in the yard were broken, and the railing disjointed, &c. It was to recover damages for these injuries that this action was brought. Judgment was rendered for the plaintiff, and the defendants appealed.

*Abraham R. Lawrence, jr., assistant corporation counsel,* for the appellants.

*Bogardus & Brown,* for the respondent.

By the Court, DALY, First Judge.—This case is distinguishable from *Blake* v. *Ferris,* 1 Seld. 48; *Pack* v. *The Mayor,* 4 Id. 227; and *Kelly* v. *The Mayor,* 1 Kern. 432. In these cases, the corporation was sought to be made responsible for injuries to third persons arising from the negligence, want of skill, or carelessness of the contractors, or those employed under them, while engaged in the prosecution of the work. In this case, however, the injury was the result of drawing the sheath-piling—which the contractor,

by the terms of the contract, was required to do—as the work progressed. It did not appear that there was any want of skill, negligence, or carelessness on the part of the contractor in doing what, by the terms of the contract, he was required to do. He testified that it was a proper case to leave the sheath-piling in; that he spoke to the inspector about it, under whose directions the sewer was to be built; but, as he was not directed to leave it, he withdrew it in compliance with the terms of the contract; that if it had been left in, the earth would have remained as it was; that the earth naturally settles after the sheath-piling is drawn; that the earth, in the place where the injury occurred, was more unstable, and tended more to press in, than in other places; that the earth could not be rammed in so hard as to prevent settling, after the drawing of the sheath-piling, in such a wide and deep excavation; that, after it was drawn, the sidewalk settled, the stones yielding apart, and that, according to the contract, he could not have executed the work any better; that in some few places, in the Third avenue, he was directed to leave the piling in, and did so. It further appeared by the testimony that the stoop was in good order before the piling was drawn; that, on the day it was drawn, the stoop gave way; the earth drew off in a body, when the stoop pitched forward some three inches at the top, and an inch and a half at the bottom; the iron fastenings which attached it to the house were broken, the stone into which the railing was fastened was broken, and the railing was drawn out, broken, and disjointed.

As the injury was the result of an act which the defendants, by their contract, directed to be done, the principle of *respondeat superior* applies. The contractor, having merely done what he was required to do by the contract, is not the party to be made responsible; but those who directed him to do the act must answer for the damage. As the injury could have been avoided by leaving the piles in, as was done in certain places in the Third avenue, it was inexcusable negligence to require them to be drawn.

Judgment affirmed.