# Village of Jefferson
## v.
# Georgia Chapman.

*Municipal Corporations—Personal Injuries—Defective Sidewalk—Agency—Notice—Evidence—Instructions—Practice.*

1. A municipal corporation, incorporated under the general law, is liable to any party injured, while exercising ordinary care, by reason of a breach of its duty to keep its streets and sidewalks in a reasonably safe condition for traveling in the ordinary modes.

2. A municipal corporation can not escape liability for an injury caused by the use of defective material in restoring a cross-walk over a ditch, on the ground that the work was done by an independent contractor, if the re-

moval of the walk was a necessary incident of the work which he was directed to perform.

3. Where it is sought to hold a municipal corporation liable as the direct author of the nuisance complained of, notice by lapse of time or otherwise is unnecessary.

4. It is proper to reject evidence which is inadmissible for the purpose for which it is offered, although admissible for other purposes. The party making the offer will be confined in this court to the offer made at the trial.

5. It is proper to refuse instructions touching an issue which is immaterial upon the theory of the case as tried.

[Opinion filed June 13, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

This was an action by the appellee against the village corporation, appellant, to recover for a personal injury to the former, while traveling on the sidewalk along St. Charles Avenue after dark December 2, 1885, occasioned by the sudden tipping of a loose plank of a defectively constructed crossing over a ditch at the intersection of said street with Center Street in said village.

The declaration contained three counts, of which the first, after setting out the legal duty of the corporation, charged the defendant with having negligently suffered the said cross-walk to be and remain in a bad and unsafe condition on account of the plank thereof being unfastened and insecure, and to so continue for such a period of time before said injury, as that defendant might, by the use of reasonable care and diligence, have discovered the defects and repaired the same, setting out the special circumstances of the injury.

The second count avers that defendant, having removed a cross-walk at the place in question for the purpose of repairing the street and improving the drainage, in restoring the same, negligently used decayed and broken planks, placed and left the same without nailing or fastenings, etc.

The third count charged, in substance, that defendant negligently caused said cross-walk to be constructed of decayed and broken planks and left the same across said ditch without being nailed or otherwise fastened, etc.

Village of Jefferson v. Chapman.

The evidence tended to show that a few days before the injury to plaintiff, persons employed by the defendant had been at work regulating the grade, cleaning out and deepening the ditch at the place in question; that the removal of the apron made of planks, and being the crossing over said ditch, which had been there and used as a crossing previously, was a necessary incident to the doing the said work; that it had been removed as a part of said work by said persons, and without such crossing the street was dangerous to travelers on foot; that just before the time of plaintiff's injury, said persons doing said work, attempted to replace the apron or crossing over said ditch; that some of the planks used were rotten at the end, were unfit for the purpose, were improperly laid and left without reasonably safe supports or fastenings; that on the evening of December 2, 1885, a little after dark, the plaintiff, while traveling along St. Charles Avenue, being wholly unapprised as to the situation of said apron or crossing, and in the exercise of due care, walked upon the said apron as a part of the street crossing, when a plank thereof, on which she had stepped, suddenly tipped out of its proper place, by reason of which her right foot and leg went down toward the bottom of the ditch while her body was thrown violently backward and down upon the planks, thus inflicting a severe, painful and probably permanent injury, involving the spinal and uterine regions of her body.

The defendant introduced evidence tending to show that the work in question was done under a verbal contract between it and one Goven, and asked of one of the trustees of the village, who had been called as a witness, "what was the contract?" Upon objection by the plaintiff's counsel, the counsel for defendant thereupon stated to the court: "We want to show that this work was done by contractors without any supervision of the village authorities; that this apron was placed in its dosition and in the condition in which it was at the time of this accident by the contractors, without any supervision, or without any influence, or without consent of the village authorities." The court excluded the offer, and defendant

excepted.    Counsel for defendant thereupon made the follow-
ing offer of evidence:

Mr. Cox:    Now, we offer to prove by this witness, as one
of the trustees of the town of Jefferson, and Henry Wolffe,
as another trustee, that they were authorized by the board of
trustees of the village of Jefferson to make a contract for the
grading of St. Charles Avenue and Center Streets, at the point
where the accident is alleged to have occurred; that, in accord-
ance with this authority, they made a contract with one Goven
for the grading of such streets; that said Goven, acting under
said contract, proceeded with the work of grading said street,
and that he, in the prosecution of that work, removed the apron
over the ditch where the accident was alleged to have occurred;
that the village retained by the contract no control or super-
vision over the work; that said contractor proceeded with said
work until the close of the 2d day of December, 1885, and on
the evening of said day, prior to the accident, replaced the
apron in the condition in which it remained at the time of
said accident.

This offer was likewise excluded by the court, and the
defendants excepted.    No other evidence upon the points was
offered.

The defendant requested the court to give the following,
among other instructions, but the court refused to give the
same:

" The jury are instructed, that in order for the plaintiff to
recover, she must show that the village had actual or con-
structive notice of the defect in the sidewalk; and that when
a dangerous place is made in the sidewalk by third parties,
unknown or without the knowledge or consent of the village
authorities, the village can not be deemed negligent until
knowledge or notice of such defect is brought home to the
officers of the village, unless the dangerous place has existed
for such a length of time before the injury, that the village
authorities might or ought to have known of its existence by
the use of reasonable diligence.

" If the jury believe, from the evidence, that the sidewalk
in which the defect is alleged to have been, and where the

plaintiff is alleged to have been injured, was properly and safely constructed and laid down, and prior and up to or about the time of the alleged injury, it appeared to be in proper and safe condition, then, if there be no evidence that the defendant had actual knowledge of such defect, or that the defect existed for such a length of time before the injury that the defendant might or would have known it by the use of reasonable diligence, the jury should find the defendant not guilty.

"Notwithstanding the jury may believe from the evidence that the sidewalk at the time of the alleged injury was defective, yet this fact alone would not be sufficient evidence of negligence on the part of the defendant.   In order to charge the defendant with negligence, it must appear from the evidence not only that the sidewalk was defective at the time of the alleged injury, but it must further appear that such defect was actually known to the village through some of its officers, agents or servants, or that the defect had existed for such a length of time prior to the alleged injury that the village, in the exercise of ordinary care, would or should have known of the defect."

There was a verdict for plaintiff, and damages assessed at $6,000, and the judgment thereon is brought here by appeal, the appellant assigning for error, among other things, the exclusion of said offers of evidence and refusal to give said instructions.


Messrs. Jesse Cox and William M. Stanley, for appellant.

The question fairly arose for the jury as to whether the cross-walk was, at the time of the accident, in the condition it was claimed to be in by the appellee, and whether, if it was then in such condition, it had been in such a condition for such a length of time that the authorities of the village ought, in the exercise of reasonable diligence, to have discovered the defect and repaired the walk.   City of Chicago v. Murphy, 84 Ill. 224; City of Gilman v. Haley, 7 Ill. App. 349; City of Aurora v. Dale, 90 Ill. 46; City of Aurora v. Hillman, 90 Ill. 61; City of Chicago v. McCarthy, 75 Ill. 602.

The evidence showed, or tended to show, that the defect in the walk was not caused by any act of the contractor, but that it existed, if it existed at all, prior to the removal of the walk by the contractor, and was due to the rotting of the planks, and the natural and ordinary wear and tear of the cross-walk. The fact, therefore, that this contractor removed and replaced the cross-walk in question prior to the accident, furnished no excuse for the court refusing to give the fourth, fifth and sixth instructions asked for by the appellant. The appellant was entitled to an instruction upon any theory of the case which it might adopt, if there was any evidence which might support such theory. Bennett v. Connelly, 103 Ill, 50; Peoria M. & F. Ins. Co. v. Anapow, 45 Ill. 86; Wooters v. King, 54 Ill. 343.

Notice to the contractor or his men of the alleged defect in the cross-walk was not in any sense notice, either actual or constructive, to the village authorities. He was neither officer, agent, nor servant of the defendant corporation. City of Chicago v. McCarthy, 75 Ill. 602 ; Hale v. Johnson, 80 Ill. 185 ; City of East St. Louis v. Giblin, 3 Broad. 219.

While it may be admitted that a municipal corporation is bound to use due diligence to see that work authorized to be done under contract, is done in such a manner as not to expose others to injury, in a case where, from the character of the work to be done, danger necessarily ensues, yet it is well settled that where the work authorized is not necessarily dangerous, where the injury results not from the dangerous nature of the work itself, authorized by the corporation to be done, but from the negligent manner in which it is done by the contractor, the municipal corporation is not liable. Pack v. The Mayor, 8 N. Y. (4 Selden), 222; Kelly v. The Mayor, 11 N. Y. (1 Kernan), 432; 2 Dillon on Mun. Corp., Secs. 1027 to 1033, and cases cited in notes.

And especially is this true where, as in this case, the obstruction or defect in the street (if any there was), causing the injury, is wholly collateral to the contract work, and is charged by the plaintiff to be entirely the result of the negligent and wrongful acts of the contractor, sub-contractor or his

servants. In such a case a municipal corporation is not liable. 2 Dillon on Mun. Corp., Sec. 1030; Robbins v. The City of Chicago, 4 Wallace, 657. The cases of the City of Springfield v. LeClaire, 49 Ill. 476, The City of Chicago v. Johnson, 53 Ill. 91, Storrs v. The City of Utica, 17 N. Y. 104, do not at all conflict with the doctrine contended for.

The statute limits the amount of damages for loss of life to $5,000, and certainly by analogy, in cases where life is not lost, where the capacity of labor remains, and where it does not certainly appear that the injuries will be permanent, a verdict of $6,000 for an injury of the kind claimed in this case is certainly excessive. In this State, we insist that the courts have uniformly discountenanced verdicts of this amount in cases of this kind. Kepperly v. Ramsden, 83 Ill. 354; Ill. Cen. R. R. Co. v. Welsh, 52 Ill. 183; City of Chicago v. Langlass, 52 Ill. 256; Chicago, R. I. & P. R. R. Co. v. McAra, 52 Ill. 269; Chicago & N. W. R. R. Co. v. Jackson, 55 Ill. 492.

Messrs. MONK & ELLIOTT, for appellee.

A municipal corporation is liable, without notice, for a defect caused by its own negligent act.

It is only when the defect results from natural wear and decay, or some other cause, for which the corporate authorities are not responsible, that notice is essential to recovery for injuries occasioned thereby. A party is not entitled to notice of his own acts. Springfield v. Le Claire, 49 Ill. 476; City of Chicago v. Johnson, 53 Ill. 91; Alexander v. Mt. Sterling, 71 Ill. 366; City of Chicago v. Brophy, 79 Ill. 277; Burso v. Buffalo, 90 N. Y. 679; Russell v. Inhabitants of Columbia, 74 Mo. 480; Mayor v. O'Donnell, 53 Md. 110; Circleville v. Neubing, 41 Ohio State, 465.

Municipal corporations are under an affirmative duty to see that the streets are kept free from such dangerous places, and are bound to exercise a reasonable degree of care and oversight to that end. The fact that work is being done upon the streets is no excuse for surrendering the control and supervision of them to a contractor. When such work is let to a

contractor, it is the duty of the corporation to retain and exer-
cise sufficient control and supervision to enable it to see that
the work is carefully and properly done. City of Spring-
field v. Le Claire, 49 Ill. 476; Lesher et al. v. Wabash
Navigation Co., 14 Ill. 85; Hinde v. Same, 15 Ill. 72;
Chicago, St. Paul & Fond du Lac R. R. Co. v. McCarthy, 20
Ill. 385; Scammon v. The City of Chicago, 25 Ill. 424; City
v. Brophy, 79 Ill. 277; City of Chicago v. Johnson, 53 Ill. 91;
R., R. I. & St. L. R. R. Co. v. Heflin, 65 Ill. 366; Cairo &
St. Louis R. R. Co. v. Wolsey, 85 Ill. 370; West v. St. L., V.
& T. H. R. R. Co , 63 Ill. 545; Mayor, etc., v. Brown, 9 Heis-
kell, 1; Mayor v. O'Donnell, 53 Md. 110; Circleville v. Neu-
bing, 41 Ohio St. 465; City of Detroit v. Corey, 9 Mich. 165;
Russell v. Inhabitants of the Town of Columbus, 74 Mo. 480;
Mayor v. Donnelly, 71 Ga. 258; McWilliams v. Detroit City
Mills Co., 31 Mich. 274; Stores v. City, 17 N. Y. 109; Rob-
bins v. City of Chicago, 4 Wall. 657.

It is submitted that the authorities cited are decisive of this
case.  Nor do these decisions rest upon mere arbitrary dictum.
They depend upon and enunciate a principle founded in jus-
tice and reason.  The village was made a body politic upon
the condition that the trust confided to it be duly executed.
Valuable franchises and powers were conferred upon a known
and responsible body, and it would be intolerable if, while
retaining the franchise, the obligations imposed for the benefit
of the public could be shuffled off upon transient and irrespon-
sible contractors.  Georgia Chapman had no voice in the
selection of the contractors who should do this work, nor in
determining what precautions should be observed to have it
done in a careful and prudent manner.  She had nothing to
say as to what provision should be made for the indemnity of
the village against lawful claims arising from their negligence.
All of these matters were in the hands of the village author-
ities, and if they surrendered the control of the street into the
hands of irresponsible parties, without taking any security for
the indemnity of the village, it was their own fault, and they
should be answerable for it.

McAllister, J.  The village of Jefferson, the appellant,

is a municipal corporation, created under the general statute relative to cities and villages in this State, by which the corporation is invested with ample powers in trust for the purpose, and from which the legal duty to the public arises, of keeping its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by day as well as by night, by all persons in the exercise of ordinary care. 2 Dillon on Mun. Corp., 3d Ed., Sec. 1019. And it is the general, well settled law in this State, that such corporation is liable to any party injured while exercising such care, by reason of a breach of that duty. Browning v. City of Springfield, 17 Ill. 143; City of Bloomington v. Bay, 42 Ill. 503; City of Rockford v. Hildebrand, 61 Ill. 161.

We are of opinion that the verdict in this case was fully justified by the evidence. Counsel for appellant contend, that if the work upon the street and ditch in question was done by an independent contractor over whom, in doing such work, the village authorities had no control, and the work contracted to be done was not itself dangerous, then the village would not be liable and the remedy must be held that the trial court erred in rejecting the respective offers of evidence on defendant's behalf to that effect.

The difficulty with the counsel's position is, that one essential element is wanting in each of the offers made. Neither of them can fairly be construed as embracing any proposition to prove anything beyond the mere facts of there being a contract between defendant and Goven for doing the work in question; that it was done by the latter under such contract; and that, by the terms of the contract, the defendant had no control over the contractor as to its performance. On neither offer was there any intimation of a purpose or desire to prove that the work contracted for was not of itself dangerous, or would not necessarily render the street defective or unsafe or dangerous for travel, or that the removal of the apron, which formed a part of the cross-walk over the ditch was not a necessary incident to the doing the work contracted for.

The evidence tended to show that the removal of said apron was a necessary incident, and that it would render the cross-

ing defective and dangerous, especially in the night time, on account of the width and depth of the ditch.

If the removal of the apron was a necessary incident of the work directed to be done, and it would necessarily render the street defective and dangerous for the purposes of travel, unless such apron was restored in a reasonably safe condition, or the place provided with guards or protection, then the defendant was subject to the statutory obligation or duty to the public to make such restoration or provide such guards or protection; and failing therein, the defense that the work was done by an independent contractor is wholly inadmissible. The defendant, under such circumstances, must, in the eye of the law, be regarded as the direct author of the nuisance which resulted in the injury to the plaintiff. 2 Dillon, *supra*, Secs. 1029, 1030 and 1031; City of Springfield v. Le Claire, 49 Ill. 476; Joliet v. Harwood, 86 Ill. 110; Lockwood v. Mayor, 2 Hilt. 66; Storrs v. Utica, 17 N. Y. 104; Savannah v. Waldner, 49 Ga. 316; Murphy v. Lowell, 124 Mass. 564.

If we are correct in the above views of the law, then it must follow that there was no error in rejecting said offers of evidence, because, taking them as they were respectively made, the evidence proposed was immaterial, and it was not admissible for the purpose for which it was offered. If it was admissible for any other purpose, or by having some other matter coupled with it, then it was the duty of the counsel making the offer to specify such other purpose or matter, and failing to do so, the exception must fail. The party making the offer must be confined in the Appellate Court to the specific offer which he made at the trial. Wheeler v. Rice, 8 Cush. 208, and cases there cited; Beard v. Dedolph, 29 Wis. 136; Jones v. The State, 11 Lea (Tenn.) 468.

The only other point we deem worthy of mention, is the refusal to give the several instructions asked for defendant and set out in our statement of the case. The pith of them all is as to the requirement of notice to the defendant corporation of the obstruction or defect in the street, as an element of the cause of action.

It is true that the first count in the declaration sets out a

cause of action wherein such requirement is a necessary element. But the second and third counts respectively charge the defendant as the direct author of the nuisance in the street and as for acts of positive misfeasance. In such a case, notice to the corporation by lapse of time or otherwise, is unnecessary. City of Chicago v. Johnson, 53 Ill. 91.

The case was tried on behalf of plaintiff wholly upon the theory of the defendant being the direct author of the nuisance, and the evidence supported that theory. In each of the instructions in question, that feature of the case is wholly ignored; for that reason they were properly refused. To have given them would simply be the giving instructions calculated to mislead the jury.

We think the merits of the case were clearly with the plaintiff; that the verdict is well supported by the evidence ; and that, taking the instructions all together, the jury was fairly and properly instructed as to every material point of law. The judgment should be affirmed.

*Judgment affirmed.*