# CITY OF SALEM

## V.

## MAGGIE E. HARVEY, ADMINISTRATRIX.

*Municipal Corporations—Negligence—Defective Bridge—Next of Kin—Damages—Question for Jury—Personal Injuries.*

1. The right to maintain an action for compensatory damages is created when the defendant, by its wrongful act or negligence, caused the death of one who leaves next of kin surviving and has contributed to the support of some one or more of them.

2. The question as to how much of the judgment recovered each of the next of kin of the deceased is entitled to receive, is for the Probate Court to determine.

3. The measure of the damages in such cases is a question for the jury, subject to the rules that compensatory damages only are recoverable and that a finding which is evidently the result of passion or prejudice will be set aside.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. M. SCHAEFFER and J. E. BRYAN, for appellant.

We insist that the evidence shows no such wrongful act, default or neglect on the part of the officers of the city as would make the city liable in damages.

Absolute security is not demanded. Ordinary care or diligence is all that is required from the city. City of Peru v. French, 55 Ill. 317; City of Bloomington v. Bay, 42 Ill. 503; City of Chicago v. Dalle, 115 Ill. 386; City of Springfield v. Doyle, 76 Ill. 202; Town of Grayville v. Whitaker, 85 Ill. 439.

We insist, also, that in this case there is no such next of kin of the deceased as those specified in our statute (Chap. 70, Sec. 2) as entitled to damage on account of the death of Jennie Harvey. She was not a minor. She owed no one any services; no one was dependent upon her or had any claim against her; not even doctor bills or funeral expenses. No pecuniary injury. Who of these next of kin lost one dollar by the injury or death of Jennie Harvey? Certainly there can be no recovery for bereavement, loss of society, grief or pain or wounded feelings. City of Chicago v. Major, 18 Ill. 349; Chicago & R. I. R. R. Co. v. Morris et al., 26 Ill. 400; C. and A. R. R. Co. v. Shannon, 43 Ill. 338; I. C. R. R. Co. v. Weldon, 52 Ill. 290; I. C. R. R. Co. v. Baches, 55 Ill. 379; Holton v. Daly, Adm'r, 106 Ill. 131; Quincy Coal Co. v. Hood, Adm'r, 77 Ill. 68.

We further insist that under the authorities above cited, as well as under the instructions of the court as given at the instance of defendant upon the evidence in this cause, the verdict and judgment could not, even on the theory of guilt of the defendant, be for more than nominal damages. There is absolutely no evidence of pecuniary injury or loss by any of the next of kin. A misapprehension of the facts, or a total disregard for the instructions of the court, must have actuated the jury, and

the court erred in not setting the verdict aside. In this class of cases, in which such strong appeals are made to the prejudices of the jurors, courts should not hesitate to require full compliance with the requirements of the law to sustain a recovery.

Messrs. Thomas E. Merritt and Henry C. Goodnow, for appellee.

Green, P. J.   This action was brought by appellee, administrator of Jennie Harvey, deceased, against the city of Salem, to recover of it damages for the benefit of her next of kin, for negligently causing the death of the intestate.   The suit was instituted under and by virtue of the provisions of Chap. 70, Starr & C. Stat., 1290.

A verdict for $2,000 was returned, of which sum plaintiff remitted $500 and judgment for $1,500 was then rendered for plaintiff, to reverse which the defendant appealed.   The negligence averred is, that appellant wrongfully and negligently suffered and permitted a bridge upon its street to be and remain in a bad and unsafe condition and the railing broken and unfastened.   As deceased was passing along and upon the bridge in a buggy, the horse attached thereto became frightened, stopped, and backed the buggy against the broken and unfastened railings, and the buggy, with deceased therein, was thrown off the bridge, and fell a distance of about fifteen feet from the top of the bridge upon the ground, whereby she received the injuries that caused her death.

No ruling of the trial court in admitting or refusing to admit evidence, or in giving or refusing instructions, is challenged by appellant, or suggested as a reason for reversal; but the principal points we are invited to examine relate to questions of fact.   And at the outset we desire to say that, after carefully examining all the evidence, we are satisfied the jury were warranted by it in finding the defendant guilty of the negligence as charged; that by reason of such negligence plaintiff received the injuries which caused her death, and that no negligence on her part or on the part of the person

driving the horse contributed to bring about or cause the accident. The bridge in question was in a public street in the city of Salem; the law required appellant to keep said bridge in a reasonably safe condition for public travel; this duty it failed to perform, and at the time of the injury the bridge was unsafe and insecure as averred, and this defective condition had existed a sufficient length of time for defendant below to discover and repair the defect by the exercise of reasonable care and diligence; hence, no other notice of the unsafe condition was required to create liability for such negligence. Chicago v. Dalle, 115 Ill. 386.

It is insisted, however, on behalf of appellant, that no next of kin of deceased, as specified in the statute, survived her, who are entitled to damages on account of her death, because she was not a minor, owed no service to any of her surviving kin, nor were any of them dependent on her; hence only nominal damages could be awarded, and the damages allowed were excessive. The right to maintain this kind of action and recover more than nominal damages is created when the defendant, by its wrongful act or negligence, causes the death of one who leaves next of kin surviving, and has contributed to the support of some one or more of them, and the facts bring this case within the operation of the statute. Deceased lived with her father, mother and sister. Her father was a carpenter, and worked when he could get work; her mother was an aged lady in bad health; deceased left two brothers who were married, and were not dependent on her; the sister also supported herself. The evidence shows deceased did work at home when not employed elsewhere, and contributed to the support of the family as much as she could; that she was strong and healthy up to the time of injury, and was industrious; that she taught school in her neighborhood a summer term immediately prior to the time she was injured, and had then been employed to teach the winter term at an increased salary. These being the facts, it would be unreasonable to hold that nominal damages only could be recovered, even if the two surviving brothers and sister were not dependent on her, and she did not owe service to her

parents. The question of how much of the judgment recovered each of the next of kin will be entitled to, is to be settled by the Probate Court when the administratrix is called upon to make distribution. Conant v. Griffin, 48 Ill. 410; R., R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 190; I. & St. L. R. R. Co. v. Whalen, 19 Ill. App. 116.

Upon the question of the amount of damages recoverable in this class of cases, our courts have frequently said, how damages are to be estimated must be largely left to the discretion of the jury; and this is necessarily so, but subject to the rule that compensatory damages only are recoverable, and that findings which are evidently the result of passion or prejudice will be set aside. This court has said, in I. & St. L. R. R. Co. v. Whalen, *supra*, "There are no exact rules by which the pecuniary loss can be estimated, and hence the damages must be left largely to the jury." C. & A. R. R. Co. v. Shannon, 43 Ill. 346; Chicago v. Scholten, 75 Ill. 468.

In view of all the facts disclosed by the record, we can not hold the verdict to have been the result of prejudice or passion on the part of the jury, or that the damages recovered are excessive, or other than compensatory, and the jury were instructed most fully and favorably for defendant below upon every matter material for its protection against an improvident finding. We perceive no error requiring the reversal of the judgment appealed from, and the same is affirmed. *Judgment affirmed.*