## CITY OF CHAMPAIGN

v.

## SARAH E. JONES.

*Municipal Corporations—Personal Injuries—Action against City for Negligence—Injury the Result of Negligence and Accident Combined—Liability of Defendant.*

1.   Where an injury is the result of accident and the fault of the defendant combined, and each is necessary in the combination to produce the injury, the defendant is liable therefor.

2.   In an action against a city for alleged negligence in the care of its streets, where the evidence showed that, on the first of March, the mud and slush had been scraped to the middle of the street, and allowed to remain there in a ridge over night, when it froze, and was not removed for a week, when the accident occurred, this court holds that the jury were warranted in finding that the city was guilty of negligence.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. S. PHILBRICK, GEORGE W. GERE and E. L. SWEET, for appellant.

Messrs. RAY & SLAUSON, for appellee.

PLEASANTS, J.    The city of Champaign, in undertaking to clean its main street, which was paved with brick, on the 2d of March, 1888, caused the mud and dirt thereon to be scraped together in a row along the middle of it, which on that night there froze solid, and so remained until after the 9th, when the injury for which this action was brought was received. As appellee, on that day, in a two-wheeled cart drawn by an old and gentle horse, was driving on an easy trot between a hitched team and the mudrow, the team suddenly backed, whereat her horse swerved toward the mudrow, causing the

left wheel to strike it, and the cart to be so tilted, and its motion so arrested as to throw her out. For the injury thereby sustained, which was severe and permanent, she recovered judgment below for $2,000. No complaint is here made of the amount awarded her, if the city is liable at all, nor of any action of the court except its refusal to set aside the verdict as being against the law and the evidence. But it is said that this mud, after it was so frozen, could not be removed without the use of the pick, which would endanger the pavement; that the condition of the street was patent and known to the appellee; and that her own carelessness in attempting to pass the hitched team on a trot, in so narrow a way, was the cause of the injury. The case of the City of Centralia v. Krouse, 64 Ill. 19, is cited and relied on as decisive of this.

There the dangerous condition of the sidewalk was wholly due to a disastrous fire, followed by sleet, and the city was in no way at fault, while the plaintiff saw the danger of the attempt to pass over it and took the risk, though there was a safer way that was only a little longer. Lovinguth v. City of Bloomington, 71 Ill. 238; City of Quincy v. Barker, 81 Id. 300, and C., B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 189, also cited, are all cases of contributory negligence. In none of them do we see any likeness in principle to the case at bar. Here the condition of the street complained of was due to the time and manner of doing the work. For these the city alone was responsible; and whether there was carelessness in choosing them as it did was a question for the jury. The street superintendent says: " When it was first shoveled up the stuff was slushy, kind of running, and without having a water-bed you couldn't haul it." A jury might think it carelessness to have it shoveled up until he could haul it; certainly it was less dangerous and inconvenient as spread over the street, than as shoveled up in the middle of it. And he ought to have known that slushy stuff like that, exposed to the weather in this climate, is liable to freeze in any night about the first of March, and to remain frozen for days. So, the jury might have found it easily practicable, by a reasonably careful use of the pick, and therefore a reasonable duty of

the city, to remove it or a substantial part of it, promptly. They must have found it negligent in some of these particulars, and we are not prepared to say it is clear the evidence did not warrant such finding.

But the street was not closed.   The city authorities invited its use, notwithstanding the mudrow.   It was the principal business street of the city, and they knew it was and would be used and occupied as before by teams and vehicles hitched and in motion.   On the occasion in question there was no apparent danger in appellee's attempt to drive between the ridge and the hitched team.   Any ordinarily competent driver with an ordinarily safe horse might make it without incurring the imputation of rashness or carelessness.   She was an experienced driver, with a very safe horse.   Her injury was not caused by her own act or neglect, as in cases of contributory negligence.   There was room enough for her passage, and her driving was good enough to make it safely. Her injury was attributable in part to accident—the restlessness and backing of the other team—for which nobody was to blame; but in part also to the mudrow, without which it would not have been done; and for this the city alone was responsible.   Where an injury is the result of accident, and the fault of the defendant combined, and each is necessary in the combination to produce it, the defendant is liable.   City of Joliet v. Verney, 35 Ill. 58; City of Bloomington v. Bay, 42 Ill. 503; City of Lacon v. Pace, 48 Ill. 500; Village of Centerville v. Cook, opinion lately filed at Mt. Vernon, but not yet reported.

*Judgment affirmed.*