City of La Salle v. Porterfield.

## THE CITY OF LA SALLE
### v.
## JAMES E. PORTERFIELD.

38  553
138s 114
38  553
, 59  545

*Municipal Corporations—Negligence of—Personal Injuries—Damages.*

In an action against a municipality to recover for a personal injury alleged to have arisen through its negligence, it appearing from the evidence, that the jury were justified in believing that the plaintiff had been incapacitated from following his previous business, that of a farmer, and other ordinary occupations calling for physical exertion, this court holds that a verdict for $3,500 was not excessive.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. FRANK J. O'BRIEN and O'CONOR, DUNCAN & ECKELS, for appellant.

Messrs. ELDREDGE & ELDREDGE and BREWER & STRAWN, for appellee.

UPTON, J. This suit was brought by appellee against the appellant city, for personal injuries received, as claimed, on the 21st of September, 1885, at which time it is charged in the declaration, appellee was riding in his own conveyance, called a cart, drawn by a horse, using due care, from the city of Peru to the appellant city, and at a bridge or culvert on Wright street in appellant city, and which said city was bound to keep in repair, his horse stepped into a hole in the bridge

or culvert, of which the authorities of the city long before well knew, and fell, thereby pitching appellee out upon the bridge, dislocating his right arm at the elbow—upward and backward—breaking off the tip of the cronoid process, rendering the reduction of the dislocation difficult and painful. Severe and continued inflammation followed the injury, causing effusion of osseous material into the elbow joint, resulting in the stiffening and permanent injury thereof.

At the time of the injury appellee was engaged in farming; in consequence of such injury he was compelled to abandon that business and has not since been able to perform manual labor requiring the use of his right arm, save to a quite limited extent.

The case was heard in the trial court before a jury, resulting in a verdict for appellee for $5,000 damages, from which, by direction of the court $1,500 was remitted, and judgment rendered against appellant for $3,500, accordingly to which, after the court overruled a motion for a new trial, and in arrest of judgment, appellant excepted and appealed to this court.

Upon the hearing in the trial court, there was a sharp conflict in the evidence as to the condition of the bridge or culvert at the time of the injury complained of—whether it was in a reasonably safe condition or otherwise. It is not contended but that from the evidence adduced upon that question, the jury were justified in their finding upon that point in appellee's behalf, but the contention is that the damages awarded by the jury are grossly excessive, that the court erred in its instructions to the jury and in refusing appellant's motion in arrest of judgment, and for a new trial.

If it be true, as might have been found by the jury from the evidence, that appellee's right arm was so permanently injured as to compel him to leave his agricultural pursuits as carried on by him before the injury, and go into the dairy business, and was compelled to abandon that pursuit in consequence of his inability to use his injured arm in handling milk cans, and that his arm, from weakness caused by the injury complained of, prevents him from handling goods as a

grocer, or doing ordinary business to any considerable extent, and that injury is permanent in its character, then the jury might be justified in the verdict returned. The questions of injury, the extent thereof, as well as the damages appellee sustained, were questions for the jury, and while we find that the damages are quite high, and we should have been better satisfied with a less amount, still we are unable to say under all the circumstances in evidence, that the damages as reduced to $3,500 by the remittitur in the trial court, and with which it was satisfied, is so excessive as to require or authorize a reversal of that judgment at our hands for that reason.

We have carefully examined the instructions given and refused, and we find no errors therein of sufficient importance in our opinion to justify a reversal of the judgment of the Circuit Court.

Nor do we think the Circuit Court erred in refusing appellant's motion for a new trial, or in refusing to sustain its motion in arrest of judgment.

Finding no reversible error in this record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*