## THE CITY OF VANDALIA

### v.

## PICKETT ROPP.

*Municipal Corporation, Negligence of — Street Crossing —Personal Injuries—Contributory Negligence—Evidence—Instructions.*

1. A municipal corporation is bound, with reference to all of its street crossings, to use reasonable care and diligence to keep the same in a reasonably safe condition for the use of the public.
2. Whether such care was exercised in a given case is a question of fact for the jury.
3. Likewise whether under given circumstances the plaintiff was guilty of contributory negligence.
4. Where a party while exercising due and ordinary care for his personal safety is injured by the negligent acts of another, there may be a recovery on account of such negligent acts, where both parties are equally in the position of right, which they hold independently of each other; the plaintiff is only bound to show that the injury was produced by the negligence of the defendant, and that he exercised ordinary care and diligence in endeavoring to avoid it.
5. Evidence on behalf of the plaintiff, going to show that repairs were made to whatever caused a given injury after the occurrence thereof, should be admitted in an action to recover therefor.

6.   In the case presented, this court holds that the defendant was guilty of negligence in not keeping in proper repair the crossing which caused the injury in question, and declines to interfere with the verdict for the plaintiff.

[Opinion filed February 2, 1891.]

IN ERROR to the Circuit Court of Fayette County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Defendant in error brought this suit against the city of Vandalia to recover damages for personal injuries caused by the negligence of the city. The declaration of three counts substantially charges that planks of a street crossing were permitted to be and remained loose, shaky and unfastened, and to be ten inches higher than the ground, and the approaches were allowed to be and remain unguarded; that while plaintiff was, with all due care and caution, driving a team and wagon upon and across said street and crossing, by reason of said bad and dangerous condition of said street and crossing, his wagon was tipped, and so suddenly jarred and shaken that the load on said wagon, upon which plaintiff was then riding, was tipped, turned and thrown from said wagon, by means whereof plaintiff was then and there thrown from the load and wagon and upon the ground, and one of his legs broken, and he was otherwise hurt and injured permanently, etc. To the declaration defendant pleaded "not guilty;" issue was joined upon that plea, a trial was had, the jury found defendant guilty and assessed plaintiff's damages at $400. Defendant thereupon moved for a new trial, but the court overruled the motion and entered judgment on the verdict for plaintiff. Defendant sued out a writ of error and brings the record to this court for review.

The crossing in question was constructed of two-inch oak plank laid upon cross-ties. It was sixty to seventy feet long, about three feet wide on top, and extended east and west across Eighth street. A space of about twenty-six feet in the center was constructed and used for teams and vehicles. This crossing was at the intersection of Eighth and Main streets in said city, and was laid along on the north side of Main

across Eighth.   Eighth street runs north and south and Main street east and west.   The Vandalia railroad track is laid on the south side of Main street, parallel with said crossing, and about forty feet south of it.   The natural surface of the ground immediately from said crossing, south and west, is a decline or down grade.   On its north side the crossing along the space used for wagons was nearly level with the street, and on its south side was from six to ten inches above the surface.   On this side, along the twenty-six feet of space, the cross-ties had been beveled off, and upon the beveled surface oak plank two inches thick and about eight inches wide had been nailed, forming an inclined approach to the top of the crossing.   At the time of his injury plaintiff was employed as a teamster by a firm engaged in baling hay at a barn on Eighth street, about half a block north of the crossing.

He had put half of an ordinary load of bales upon his wagon in the barn, when he was directed by the person in charge there, to go on with it to the car and make room for a man coming to the barn with a load of loose hay.   Plaintiff drove out of the barn and down the street toward the crossing, stopping a short distance north of it to arrange the load by putting two bales of the front tier back, and thus make it more safe and less liable to be tipped off in driving over the crossing.   He then got on the wagon and drove at a slow walk down to and over the crossing, and the front wheel of the wagon dropped abruptly down from the south edge of the crossing to the ground, tipping off the part of the load upon which he was seated, and himself upon the ground, and breaking his right leg.   By reason of his injury he was confined to the house about eight weeks, was unable to do any work for three months, contracted a bill for medical treatment of $80, and the evidence tends to show such injury is likely to be permanent.

Messrs. JOHN A. BINGHAM and FARMER & BROWN, for plaintiff in error.

Messrs. HENRY & GUINN, for defendant in error.

GREEN, J. Under the facts proven in this case, it is insisted on behalf of plaintiff in error that the verdict is without support and the judgment ought to be reversed, first, "because the plaintiff knew and was thoroughly acquainted with the condition of the crossing for some time just prior to the accident, and knowingly and voluntarily placed himself in a condition to receive an injury;" second, "because at the time that the injury was received, he was not in the exercise of that degree of care and caution that it was his duty to have exercised under the circumstances;" third, "because the crossing was not in an unsafe or dangerous condition for use by any one in the exercise of ordinary care and caution." An inspection of the record satisfies us that the jury were fully warranted by the evidence in finding that the crossing was in a dangerous and defective condition at the time of plaintiff's injury. In the space over which wagons were hauled some of the top boards were unfastened at the ends, and were warped or cupped up in a way to probably cause a wagon to jar or tip in passing over. The approach plank on the south side, where the usual course of travel was, had been suffered to remain loose and unfastened to the cross-ties, and had been pushed out of its proper place, leaving an abrupt descent of six to eight inches from the top of the crossing to the ground at the time of the accident, and the approach to the crossing from the south had never been graded, although it was practicable to do so, and thus have probably prevented the accident. The crossing had remained in such an unsafe and defective condition for a length of time prior to the injury sufficient to enable the city officials, using ordinary diligence, to have discovered its condition and repair it, but it seems to have been a place entirely neglected. It is suggested, however, that this crossing was not much used, and hence the city should not be held to the exercise of the same degree of care and diligence to keep it in repair as in the case of a street crossing where the travel was greater. We understand the duty imposed upon the municipal corporation by the law with respect to all its street crossings, is to use reasonable care and diligence to keep such crossings in a reasonably safe condition for the use of the public. Whether defendant performed this

duty with respect to this crossing was a question to be determined by the jury in view of all the facts and circumstances proven.    As before said, they were justified by the evidence in finding the city had failed to perform this legal duty, and was guilty of the negligence charged, and that plaintiff's injury resulted from that negligence.

The question of plaintiff's contributory negligence was also a question of fact for the jury to determine, and the evidence shows he stopped before going upon the crossing, arranged his load to make it more safe, and less liable to tip off, then drove at a slow walk to and upon the crossing, straight across, at the usual and best place to cross, a little east of the center of the twenty-six feet space mentioned.   Ordinary care and caution on his part could be fairly inferred by the jury from these facts.

The contention that plaintiff knew the condition of the crossing for some time prior to the accident, and knowingly and voluntarily placed himself in a condition to receive an injury, remains to be considered.   Plaintiff had seen the crossing and its condition several times before he was injured and had walked over it, but had not driven over it until the day before he was hurt; had hauled five or six loads of baled hay from the barn over the crossing on that day.    He knew the approach board was off at the time he was hurt, and these facts are relied on to establish the inference that he knowingly and voluntarily placed himself in a condition to receive an injury.    But on the other hand he was doing his lawful work of hauling over a street and crossing opened and in use for such purpose.   It was the only route he could use to transport his load to the car; he had hauled loads over the same place without accident the day before; he was in the exercise of due care and caution, so far as fixing his load and driving were concerned, and although his knowledge of the condition of the crossing was a circumstance proper for the consideration of the jury, and was doubtless considered by them, yet it must be taken in connection with all the other facts and circumstances in evidence in order to properly determine the question whether he was guilty of such negligence as would bar his recovery, notwith-

City of Vandalia v. Ropp.

standing defendant's failure to perform its legal duty as charged. The degree of care which the law required the plaintiff to exercise was ordinary care under all circumstances of the case. The plaintiff's knowledge as to the condition of the crossing would be one of the circumstances to be considered by the jury in determining the question whether there had been the exercise of ordinary care. Bloomington v. Chamberlain, 104 Ill. 268; City of Aurora v. Hillman, 90 Ill. 61.

In the case of Calumet Iron and Steel Co. v. Martin, 115 Ill. 358, many authorities are cited and the questions here presented are fully discussed. It is there said, the necessary implication from the rulings in these cases obviously is, that where a party, while observing due or ordinary care for his personal safety, is injured by the negligent acts of another, there may be a recovery on account of such negligent acts when both parties are equally in the position of right, which they hold independently of each other; the plaintiff is only bound to show that the injury was produced by the negligence of the defendant, and that he exercised ordinary care or diligence in endeavoring to avoid it. What particular facts amounted to an exercise of ordinary care, or what particular facts amounted to a want of ordinary care, it was for the jury to determine. City of Chicago v. McLean, 133 Ill. 148. Applying the rules thus announced and after examining all the evidence, we are satisfied it warranted the verdict rendered. The admission of testimony on behalf of the plaintiff concerning repairs at the crossing after the accident, under the decision of our Supreme Court was not error. We do not think the first, seventh and ninth instructions given for plaintiff were erroneous or calculated to mislead the jury. The instruction asked for on behalf of defendant and refused is not a correct statement of the law. In substance it amounts to this, that the defendant could not be held to the exercise of the same degree of care and diligence (that is, reasonable care and diligence,) in keeping this crossing in a reasonably safe condition as in the case of a crossing more used. We have expressed our views on this proposition, and hold that the court properly refused the instruction. The judgment is affirmed.

*Judgment affirmed.*