City of Vandalia v. Huss.

CITY OF VANDALIA

v.

MARY A. HUSS.

*Municipal Corporations—Negligence of—Unguarded Hole in Street—Shavings—Personal Injuries—Contributory Negligence.*

1. A municipal corporation is liable to respond in damages to persons injured, while in the exercise of ordinary care, in consequence of its negligence in permitting dangerous obstructions to remain upon its public streets.

2. Such corporations must use reasonable care to keep their streets and alleys in reasonably safe repair and condition for the use of the public. A failure to perform this duty is negligence for which an action may be maintained by a person injured thereby, and exercising ordinary care for his own safety.

3. The question as to whether, in a given case, an obstruction in a high-

way was of a character likely to frighten gentle horses carefully driven, is one of fact, to be determined by the jury from a consideration of all the evidence touching the character, location and surroundings of the obstruction at the time of the accident.

4. This court declines, in view of the evidence, to interfere with a verdict for the plaintiff in an action brought to recover from a municipality for personal injuries alleged to have been suffered through its negligence in suffering an unguarded hole to remain open in one of its streets, and a pile of shavings to be thereon.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Fayette County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. JOHN A. BINGHAM and FARMER & BROWN, for appellant.

Messrs. HENRY & GUINN, for appellee.

GREEN, P. J. Appellee brought this action to recover damages for personal injuries averred to have resulted from the negligence of appellant in permitting a deep large hole to be made in its public street, and suffering the same to remain open and unguarded, and at the same time permitting a large pile of shavings to remain on the other side of the street, of a shape and character that would be likely to frighten and render unmanageable reasonably gentle horses traveling on said street. That while plaintiff was traveling upon said street in a vehicle drawn by a quiet, gentle horse, and in the exercise of due care and caution, the horse became frightened at said pile of shavings and suddenly surged or ran backward, and threw the plaintiff and vehicle down into said hole and the horse fell upon her and thereby she received the injuries complained of. The plea of " not guilty " was interposed, and upon the issue joined thereon the cause was tried. The jury found defendant guilty and assessed plaintiff's damages at $500. Defendant's motion for a new trial was overruled. Judgment was entered for plaintiff on the verdict, and to reverse this judgment defendant appealed and brings up the record for review. Five reasons are urged for reversing this judgment:

" First. The plaintiff knew this street, having gone over it in the morning prior to the injury in the afternoon, where the same obstacles were which he says caused the injury.

" Second. That at the time the injury occurred the appellee's husband, in whose care she had placed herself, was driving in a careless and reckless manner, and was not exercising that degree of care and caution that it was his duty to have exercised.

"Third. A municipal corporation is not responsible for every accident that may occur within its corporate limits.

" Fourth. That said Fifth street and the one crossing it were not in an unsafe and dangerous condition for the public to travel thereon with wagons, buggies, or other vehicles drawn by teams of horses or other animals.

" Fifth. That there was no obstruction in and upon Fifth street that would frighten a docile horse or one of ordinary gentleness."

The evidence in regard to plaintiff's knowledge of the street is, that she and her husband came into Vandalia on the morning of the day of the accident upon the street along where it occurred, and neither of them noticed the pile of shavings. That the husband had not been in the city for a period of six weeks before the injury, had never seen the pile of shavings before, and was not in the habit of visiting the city very often. It thus appears that neither plaintiff nor her husband had notice or knowledge of the obstruction that frightened the horse, and were not familiar with the street. These being the facts, the first reason assigned for reversal is not supported by the evidence, nor are the authorities cited, in point. The second reason is not sustained by the evidence. Both husband and wife testified he was driving along in a prudent, careful manner, at a moderate trot, when suddenly and unexpectedly, the horse became frightened at the pile of shavings, backed rapidly toward the hole, and in spite of the husband's efforts to prevent it, precipitated the vehicle and plaintiff into the hole and fell upon her. Doyle, a witness who saw the accident, corroborates their testimony in this regard. The testimony of the two witnesses Dougherty and Klasing, called by

defendant, and referred to in defendant's printed argument, did not, in our judgment, overcome the evidence of plaintiff and her husband and the witness Doyle, or establish the fact that the husband was driving in a careless or reckless manner, and was not exercising the care and caution at the time of the accident which the law required. Hence the insistance that the husband's contributory negligence should bar a recovery, is not supported by the proof.

It is true as suggested in the third reason, that a municipal corporation is not responsible for every accident that may occur within its corporate limits. But it is liable to respond in damages to persons injured while in the exercise of ordinary care, in consequence of its negligence in permitting dangerous obstructions to remain upon its public streets. Municipal corporations are by law given control of the streets and alleys within the limits thereof, and have the power to provide means to keep the same in reasonably safe condition and repair. Hence arises the duty imposed by law upon such corporations in this State, to use reasonable care to keep its streets and alleys in reasonably safe repair and condition for the use of the public. A failure to perform this duty is negligence for which an action may be maintained by a person injured thereby, and exercising ordinary care for his own safety.

The fourth reason given is that Fifth street and the one crossing it were not unsafe or dangerous for the public to travel on with wagons, etc. This involves a question of fact and there was abundant evidence heard by the jury to justify the finding that one of these streets, at least, was in a very unsafe and dangerous condition for the public to travel over at the time plaintiff was injured.

The fifth reason is based on the assumption that the pile of shavings which frightened the horse of plaintiff's husband, would not frighten a docile and gentle horse. This pile of shavings, which some of the witnesses say was three or four feet high, and there was about a wagon load in it, and other witnesses describe as not more than two feet high and consisting of a wheelbarrow load or a big armful, was placed by the defendant within a few feet of the west side of the traveled

track in the public street, and had been there several weeks when plaintiff was injured. Diagonally across the street and about sixty feet distant, was the hole into which plaintiff was thrown. This hole was also within a few feet of said traveled track on the east side of the track, with almost perpendicular side next said track, and from six to ten or twelve feet deep and twelve feet across, and ten to twenty feet long. The traveled track between the pile of shavings and this hole, was about twenty-six feet wide. Just after passing this hole, the horse was undoubtedly frightened, and by this pile of shavings located right near the side of the track.

The horse was nine years old and gentle and docile, and plaintiff's children were in the habit of driving it. But it is said by counsel for appellant, two primary questions arise; whether the obstruction did frighten the horse, and, whether it was of a character likely to frighten gentle horses carefully driven. An affirmative answer to the first question must be given, if the evidence is entitled to any credit. Upon that question no doubt can be entertained. The second question was one to be determined by the jury, from a consideration of all the evidence touching the character, location and surroundings of the obstruction at the time of accident, together with the fact that a gentle horse, carefully driven, was frightened by it. The jury were justified by the evidence in finding affirmatively upon the second question. The close contiguity of this pile of shavings to a narrow traveled track, over and along which teams were obliged to pass, and the actual effect in frightening the horse in question, furnished sufficient grounds to believe the obstruction was likely to frighten gentle horses carefully driven.

We have examined the record and discover no reason for disturbing the verdict. The court did not err in its ruling upon the admission of evidence, and the instructions given on behalf of plaintiff were applicable to the facts and stated the law correctly.

The instructions requested on behalf of defendant, which the court refused to give the jury, were properly refused. In each of them the jury was told, if the street in question

was in a condition to be reasonably safe for travel at the time and place of injury, the city was not liable, ignoring entirely the material addition—"with the obstructions complained of then and there upon it."

It was not the condition of the street alone that caused the accident, but the dangerous obstructions permitted to remain near the traveled track. The jury would have been misdirected and misled by these instructions had they been given. No ground for reversing this judgment is disclosed by the record and it is therefore affirmed.

*Judgment affirmed.*

Justice PHILLIPS took no part in the decision of this case.