## City of Mt. Vernon v. Delila E. Cockrum.

1. VERDICTS—*On the Question of the Exercise of Ordinary Care.*—In an action for personal injuries where the evidence is sufficient to justify the jury in finding that the plaintiff was in the exercise of reasonable care for his personal safety, the verdict will not be disturbed.

2. SAME—*Direction to the Jury to Seal.*—It is not error to direct the jury, in case they agree, to sign their verdict, place it in an envelope, seal it and return it into open court; such an action is a proper exercise of the discretionary power of the court.

3. MUNICIPAL CORPORATION—*Liability for Neglect to Keep Bridges in Repair.*—It is the duty of a municipal corporation to use reasonable care to keep its streets and bridges thereon in reasonably safe condition for the use of the public, and they are liable to respond in damages for the neglect of such duty.

City of Mt. Vernon v. Cockrum.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Jefferson County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

## STATEMENT OF THE CASE.

Appellee brought this suit to recover damages for personal injuries received by her while driving along a public street of said city and attempting to cross a bridge in the street. Various specific acts of negligence on the part of defendant are averred in the declaration. It is therein charged that no railing, or guard, was placed on the bridge for the protection of those using it; that at the time of injury the bridge was in a bad state of repair and in an unsafe and dangerous condition; that the bridge was located diagonally, and not square across the street, the east end being near the east line of the street and the west end of the bridge being about four feet west of the center of the street, and about four feet above the bottom of a ravine or brook, and by reason of defendant's negligence as charged, the injury to plaintiff resulted in this manner: that while she was driving south on said street, toward the bridge, and in attempting to cross over it, in the night time, and while using due care and caution, one wheel of the wagon ran off at the west end of the bridge down into said ravine, or brook, causing plaintiff to be thrown out and injured. The injuries are then set out and described. The jury found defendant guilty and assessed plaintiff's damages at $500, for which sum and costs judgment was entered. Defendant took this appeal and asks that the judgment be reversed, for the following reasons: Because appellee was guilty of such contributory negligence as barred a recovery; because appellant was not guilty of negligence in constructing or maintaining the bridge in the condition it was at the time of the injury, or in locating it in the position it was then located; because the court erred in directing the jury to seal their verdict, over defendant's objection, and in refusing to give certain instructions for defendant.

NORMAN H. Moss, attorney for appellant.

WILLIAM H. GREEN, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The evidence shows that on the day of the accident, appellee, accompanied by some other persons, had gone to a funeral, in a farm wagon, drawn by a team of gentle horses. She was detained at the funeral until late in the afternoon, and those who had accompanied her concluded to remain with relatives, and she procured a gentleman to return with her in the same wagon, drawn by the same team. Some distance back from the bridge in question, the gentleman complained of toothache, told her he must light his pipe and smoke to allay the pain. He then handed the lines to her and asked her to drive. This she did, without hesitation, as she had been raised on a farm and knew how to drive a team. While driving south on a public street of the city of Mt. Vernon, and approaching the bridge, she drove slowly and carefully and was talking with her companion, but testified she paid attention to the driving and keeping the team in the middle of the highway. It was very dark, and she could not see the bridge as she approached it, but by noticing the houses and fences on each side of the street as she drove along, was, as she thought, thereby enabled to keep in the center and naturally supposed that to be the proper and safest place to travel in. The bridge was about thirty feet long, five or six feet wide, and was built diagonally across a part of the sixty foot street, over a small ravine or ditch. The east end of the bridge was within a few feet of the sidewalk on the east side of the street, and the west end was about twenty feet from the sidewalk on the west side, and was four and a half feet west of the center of the street. Some time before the accident, in repairing this bridge, appellant put in a plank, the end of which extended about eighteen inches beyond and west of the west ends of the other planks, and it remained and was in that condition when appellee was injured. Appellee was not apprised of this, and had never driven or ridden along that street and over that bridge before the day the accident occurred.

City of Mt. Vernon v. Cockrum.

While driving along, as before described, the horses stepped on the bridge, but the west front wheel missed it, dropped into the ditch, which was about two feet and a half deep, and struck the end of the projecting plank so suddenly and with such force as to throw appellee from her seat, over the end of the wagon, on to the bridge, and injured her seriously. The wheel was so jammed in between the bank of the ditch and this plank, that it was necessary to saw off the projecting part of the plank before the wagon could be gotten out. The evidence justified the jury in finding the facts to be as thus stated, and we will now recur to the reasons urged for reversal, which we have mentioned in the statement of the case.

The contributory negligence relied on to defeat the suit is based upon the assumption that appellee knew the location and condition of the bridge, and by engaging in conversation, her attention was diverted from the team, and hence she did not drive and manage it with care, and did not keep a careful lookout for the bridge as she approached it. If her testimony is true, and no cause is shown why it should be discredited, the assumption is unwarranted. She denied knowledge of the condition of the bridge and testified she was driving slowly and carefully, and trying to keep the team in the center of the street, and the evidence satisfies us that she exercised all reasonable care for her personal safety that the law required. It was not error to direct the jury, in case they agreed, to sign the verdict, place it in an envelop and seal it, and return it into open court. It does not appear appellant's rights were prejudiced by such an action, but it was a proper exercise of the discretionary power of the court, commended in numerous cases, and by this court in St. L., V. & T. H. R. R. Co. v. Faitz, 19 Ill. App. 88; City of Fairfield v. Hornick, 55 Ill. App. 561; and St. L., A. & T. H. R. R. Co. v. Will, Id. 649.

The refused instructions are not in the abstract, nor are any instructions set forth therein, and we have repeatedly held, in such case, we would not search the record for the instructions criticised, or refused. Hence we de-

cline to consider the error assigned for refusing to give certain instructions to the jury on behalf of defendant. The remaining question necessary to consider and determine is, does the evidence establish the fact that defendant was guilty of negligence as charged in maintaining a bridge in one of its public streets in an unsafe and dangerous condition, and in a bad state of repair. The facts proved and undisputed are, that the bridge in question was built and maintained in a public street of defendant, over and along which the public traveled in the night time, as also in the day time; that a natural ravine or ditch crossed this street, and the bridge was built over a part of it; that from the center of the street to the west end of the bridge the distance was about four and a half feet, and immediately at that end there was a hole in this ditch, entirely uncovered, about two and a half feet deep, and the projecting plank left in the bridge as before described. The slightest care or diligence on the part of the city authorities would have informed them that a person traveling along this street in the dark, trying to drive in the center of the street, which would be prudent and proper with the west end of the bridge so near the center, might miss the bridge, and the wheel of the vehicle drop into this hole and strike the end of the projecting plank, and injury to the traveler result, as in this case did result to appellee, and there was sufficient evidence to justify the jury in finding appellant violated the duty imposed upon it by law, to use reasonable care to keep its streets and bridges thereon in reasonably safe condition for the use of the public, and was guilty of such negligence in repairing the bridge in question and maintaining it in the condition it was, in view of its location and the surroundings, as rendered the city liable to respond in damages to appellee for the injuries she received. The negligence of appellant was a question of fact for the jury, and their verdict ought not to be disturbed in a court of review unless it appears the jury have misapprehended or disregarded the evidence, or that their verdict is the result of prejudice or passion. This rule has been adhered

to uniformly by the Supreme Court and in the other appellate districts, and by this court, and verdicts have been often sustained in this class of cases where the negligence proven was slighter and less culpable than that disclosed in this record.

Some authorities in support of the views thus expressed, are : Joliet v. Verley, 35 Ill. 58; City of Lacon v. Page, 48 Ill. 499; Joliet v. Shufeldt, 144 Ill. 493; Village of Clayton v. Brooks, 150 Ill. 97; Village of Jefferson v. Chapman, 27 Ill. App. 43, and cases there cited; City of Salem v. Harvey, 29 Ill. App. 483; City of Champaign v. Jones, 32 Ill. App. 179; City of Mt. Carmel v. Howell, 36 Ill. App. 68; City of Mt. Vernon v. Lee, Id. 24; City of LaSalle v. Porterfield, 38 Ill. App. 553; City of Vandalia v. Ropp, 39 Ill. App. 344; Town of DeSoto v. Buckles, 40 Ill. App. 86; City of Vandalia v. Bliss, 41 Ill. App. 517; City of Joliet v. Shufeldt, 42 Ill. App. 208.

No good reason is perceived for reversing the judgment and it is therefore affirmed.