## The Northern Trust Company, Executor, etc., v. William H. Palmer, Executor, etc.

1. ABATEMENT—*Death of all the Parties to a Suit.*—Under Secs. 10, 11, 12 and 13 of Chapter 1, R. S., a court may order the substitution of the personal representatives of the parties to a suit where all the parties, both plaintiff and defendant, die during the pendency of the suit.

2. TORTS—*Liability of Landlord for Acts of an Employe.*—In actions for torts there are no accessories, those who command and those who do are equally guilty, and a landlord under an obligation not to disturb his tenant, can not, by his agents, destroy the value of a tenancy, and if he does, he is responsible for the injury inflicted.

**Trespass on the Case,** for wrongfully removing the wall of a building. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

JESSE HOLDOM, attorney for appellant.

REMY & MANN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Marie M. Fenton began an action of trespass on the case against Cyrus M. Hawley, upon whom process was served; thereafter the plaintiff and defendant died; thereupon appellant was appointed executor of the last will and testament of Cyrus M. Hawley, and appellee was made executor of Marie M. Fenton.

Thereafter the death of Cyrus M. Hawley and Marie M. Fenton was suggested, and by order of court appellant and appellee were substituted as plaintiff and defendant.

It is contended that all the parties to the cause having died, the suit abated and could not be revived.

We think that the action of the court in ordering the substitution was within the intent of Secs. 10, 11, 12 and 13 of Chapter 1 of the Revised Statutes.

The action was by a tenant of 210 and 211 Wabash avenue, against his landlord, the owner, for taking down a wall of said building, and thereby damaging the goods of of the deceased, Marie M. Fenton, then in the premises.

It appeared in evidence that Hawley, the landlord, made a contract with Simon and Philip Florsheim to take down the south wall of said building, which contract left the contractors at liberty to pursue such method as they saw fit, subject to certain stipulations as to shoring up, not changing the front, etc.

Appellant contends that the Florsheims were independent contractors, and they alone are responsible for the injury done to the tenant.

In actions for torts there are no accessories; those who command and those who do are equally guilty. Hawley was under an obligation not to disturb his tenant in her possession and use; he could not by his agents, the Florsheims, destroy the value of her tenancy, tear down the walls of the building he had rented to her, and not himself be responsible for the injury she suffered. Bishop on Non-

Contract Law, Sec. 604; Cooley on Torts, 547; Village of Jefferson v. Chapman, 27 Ill. App. 43; City of Joliet v. Harwood, 86 Ill. 110; Sherman & Redfield on Negligence, Sec. 176.

The case is not of an injury to one with whom Hawley sustained no contractual relations, as was Chicago City Ry. Co. v. Hennessy, 16 Ill. App. 153.

Hawley procured the doing of damage to his tenant; employed the Florsheims to do that which necessarily damaged her. The injury to her was not the result of negligence on the part of the contractors, but a necessary consequence of their acts, and such as Hawley employed them to do.

The judgment of the Circuit Court is affirmed.