## NAPOLEON B. BRANT, Admr. etc.

### *v.*

### JOHN LILL *et al.* Exrs. etc.

*Filed at Ottawa November 17, 1880.*

1. APPEAL *from Appellate Court—review of questions of fact.* On appeals from the Appellate Court this court can not consider any controverted questions of fact, excepting in criminal cases, and cases in which a franchise or freehold, or the validity of a statute is involved.[*]

2. SAME—*and herein, when the Appellate Court should recite the facts found.* The 87th section of the Practice act imperatively requires the Appellate Court, on making a final determination of a cause as the result wholly or in part of the finding of the facts different from the finding of the trial court, to recite in its final order, judgment or decree, the facts found, and it is error not to make such recital.

3. When the Appellate Court fails to recite any facts in its final judgment, it will be inferred that it did not find the facts differently from the trial

----

[*]Or in cases in chancery.  *Gravett* v. *Davis,* 92 Ill. 190; *Fanning* v. *Russell,* 94 id. 386.

court, and in such case, if it simply reverses the judgment below, without remanding the cause, it will be inferred that the Appellate Court held the facts thus found did not constitute a cause of action, or that taking the evidence in the record it did not prove or tend to prove a right of recovery. In such case this court on appeal or error will look into the evidence as on a demurrer to evidence, and if it proves or tends to prove a cause of action, will reverse the judgment of the Appellate Court.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. BRANDT & HOFFMAN, for the appellant.

Mr. SANDFORD B. PERRY, and Mr. WM. A. MONTGOMERY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a claim presented for allowance in the county court of Cook county, by N. B. Brant, administrator of the estate of David Horen, deceased, against the estate of William Lill. The county court, on a hearing, rejected the claim, and the plaintiff appealed to the circuit court, where several trials have been had—the last one resulting in a verdict and judgment in favor of the plaintiff for $20,000. To reverse this judgment the defendants appealed to the Appellate Court, where the judgment was reversed, and no remanding order entered. For the purpose of reviewing the judgment of the Appellate Court the plaintiff has brought this appeal.

The principal part of the argument presented for our consideration, by counsel representing each side of this case, involves the consideration of controverted questions of fact, which, under sec. 89 of the Practice act, Laws of 1877, p. 153, we can not consider. That section declares: "The Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the deter-

39—96 ILL.

mination of the inferior or Appellate Courts upon controverted questions of fact in any case, excepting those enumerated in the preceding section," which are, criminal cases, cases in which a franchise, a freehold, or the validity of a statute is involved. It is therefore plain, under this section we can not enter upon the consideration of controverted questions of fact ;—the circuit and Appellate courts are the proper and only forum for the consideration and determination of these questions.

It is urged by appellee that the circuit court erred in its rulings in the admission of evidence, and in the instructions to the jury, but we find no substantial error in the record in this regard, and it is apparent the Appellate Court did not reverse on this ground, for the reason, if the judgment was reversed on account of any error that occurred on the trial, then the Appellate Court would have remanded the cause for another trial, when such error might be obviated.

The 87th section of the Practice act (Session Laws 1877, p. 153,) requires the Appellate Courts, when they shall make a final determination of a case, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which the cause was brought, " to recite in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause." This duty is imperative. In this case the Appellate Court reversed the judgment of the circuit court and refused to remand the cause for further proceedings. And the court has not recited any facts in its final judgment. Having failed to do so, we must infer that the Appellate Court did not find the facts differently from the circuit court.

If, then, the Appellate Court found the facts in the same way as did the circuit court, then we must infer that the Appellate Court held that the facts thus found constitute no cause of action, that taking the evidence in the record, it did not

prove or conduce to prove a right of recovery. In such a case we will look into the evidence as we would on a demurrer to evidence, and if it proves or tends to prove a cause of action, we must reverse the decision of the Appellate Court. On looking into the evidence we see that it did tend to prove a right of recovery, and if the facts are as the jury have found them, there was a cause of action, and the Appellate Court erred in holding there was no right of recovery on the facts as found by the jury.

Had the Appellate Court found and recited in its judgment that the jury found the facts contrary to the evidence, we could then see a reason for reversing the judgment of the circuit court. But having found the facts the same way, it was error to reverse the judgment of the circuit court.

The judgment of the Appellate Court will have to be reversed, and the cause remanded, with directions to that court to affirm if it finds the facts the same way they were found in the circuit court. If, on the other hand, the Appellate Court finds the facts different from the finding in the circuit court, and finds no recovery can be had on the evidence, the facts as found by the Appellate Court should be recited in the final judgment, as required by the statute, and the judgment of the circuit court reversed, or reversed and remanded, as in the opinion of that court may be proper. In every case where the judgment is reversed, and no remanding order entered, the facts as found should be recited in the final judgment, and incorporated in the record.

The costs in this court will be equally divided between appellant and appellees.

*Judgment reversed.*