WILLIAM A. CHRISTY

*v.*

RICHARD W. STAFFORD.

*Filed at Ottawa January 19, 1888.*

</div>

1. PLEADING—*of the declaration—in an action by vendor against purchaser for refusing to accept and pay for goods sold.* A declaration by a vendor of goods sold, against the party agreeing to take the same between the date of the contract and another date given, set out the terms of the contract in the usual form, and averred as a breach, that "although the plaintiff, at and within the time specified, as aforesaid, for the delivery of said goods, to-wit, between, etc., was ready and willing, and offered, to deliver the said goods to the defendants, and then and there requested them to accept the same and pay for them as aforesaid, yet the defendants would not, nor would then, nor at any time before or afterward, accept the said goods, or any part thereof, from the plaintiff, or pay him for the same, as aforesaid, but refused to do so," etc.: *Held*, that the facts alleged in the declaration showed a good cause of action.

2. MATTER OF RECORD—*as to opinion of Appellate Court—reversing upon unsound reasoning.* On appeal from the Appellate Court, the opinion of that court is no part of the record this court is called on to review; and this court can not reverse its judgment merely because some of the reasons

assigned for its rendition might be thought to be unsound. Error in the judgment itself must be made to appear from the record, to justify a reversal.

3. PRACTICE—*mode of preserving questions of law on a trial by the court without a jury.* A party trying a cause before a court, without a jury, should submit formal propositions of law to be held by the court, and its rulings upon them, if excepted to and incorporated in the bill of exceptions, will thereby be made a matter of record, upon which the Appellate Court, as well as this court, must pass judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. F. K. GRANGER, and Messrs. COOK & UPTON, for the appellant:

Appellee was required to tender or offer the pickles to appellant on or before January 1, 1885, in order to recover, even though appellant failed to designate a place of delivery.

Appellant was not bound to notify the appellee where to deliver the pickles before the contract, by its terms, expired. *Posey* v. *Scales*, 55 Ind. 282; *West* v. *Emmons*, 5 Johns. 179.

Appellee can not be heard to say that there was no necessity on his part to make a tender or offer to deliver because appellant failed to designate the place of delivery, for such is not the case made in his declaration. It alleges an offer to perform, and this should have been proved. *Lassen* v. *Mitchell*, 41 Ill. 101; *Hapgood* v. *Shaw*, 105 Mass. 296; *Dana* v. *King*, 2 Pick. 155; *Cleveland* v. *Stewett*, 7 Pa. 204; *Sousby* v. *Burns*, 10 Bush, 87; *Sanborn* v. *Benedict*, 78 Ill. 309; Story on Sales, sec. 314.

Mr. J. V. LEMOYNE, for the appellee:

The disputed questions of fact are settled by the Appellate Court. That court found that the plaintiff was able and ready to deliver the pickles.

When delivery is to take place upon the doing of certain acts by the purchaser, as, to name the place of delivery, the

vendor is not in default for non-delivery until notice from the purchaser. *Cottingham* v. *Owens*, 71 Ill. 397; Benjamin on Sales, sec. 679.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellee, Richard W. Stafford, brought to the March term, 1885, of the Superior Court of Cook county, an action of assumpsit against Christy, Walker & Co., on the following contract:

"W. McHENRY, ILL., *Nov. 15, 1883.*

"Bought this day of R. W. Stafford, 1500 bbls. medium (1200) pickles, @ $4.50; 1000 bbls. small (2400) pickles, @ $5.25; 500 bbls. gherkins (3500) pickles, @ $5.50. Less 2½ per cent; terms, cash on delivery, goods to be taken between this date and January 1, 1885.

"Goods to be delivered at store or depot in Chicago, free of charge, but when shipped in carload lots, drayage to be charged.

"Above sale to be *bona fide* in case of a fair average crop, but in case the crop is short, goods to be delivered in proportion. This is a continuance of the contract of May 19, 1883.

CHRISTY, WALKER & CO.,

R. W. STAFFORD."

William A. Christy, who was alone served with process, interposed a plea of the general issue, and the cause was heard before the court, without a jury, resulting in a judgment for plaintiff of $1523 and costs of suit, which, on the defendant's appeal, was affirmed by the Appellate Court for the First District, whence the case is brought here for review.

The declaration contains a special count, setting forth the contract in the usual form, and averring, as a breach, that "although the plaintiff, at and within the time specified, as aforesaid, for the delivery of said pickles, to-wit, between the said 15th day of November, 1883, and the 1st day of January, 1885, was ready and willing, and offered, to deliver the said pickles to the defendants, and then and there requested them

30—123 ILL.

to accept the same and to pay for them, as aforesaid, yet the defendants would not, nor would then, nor at any time before or afterward, accept the said pickles, or any part thereof, from the plaintiff, or pay him for the same, as aforesaid, but refused to do so."

The issuable facts indicated in the above breach, as well as in the charging part of the declaration, being conclusively settled against the appellant, and the court below not having been asked to make any ruling with respect to the law of the case, it is not perceived, if we look to the record alone, as we must, what there is for this court to review. The argument of counsel for appellant seems to be directed against the opinion of the Appellate Court, rather than to the action of that court in disposing of the questions presented by the record for its determination. The opinion of that court, strictly speaking, is no part of the record we are called upon to review. This court would have no right to reverse a judgment merely because it thought some of the reasons assigned for the judgment of that court were unsound. If it was apprehended that the trial court entertained erroneous views of the law relating to the case, formal propositions containing a correct statement of it should have been prepared and submitted to the court for its consideration, and its ruling upon them, if excepted to and incorporated into the bill of exceptions, would have become a part of the record, upon which the Appellate Court, as well as this, would necessarily have to pass. But this was not done, and therefore the question which counsel seek to raise is not before us.

We think the facts as alleged in the declaration show a good cause of action, and the Appellate Court, by its judgment, has said these facts were sufficiently proved on the trial; and no ruling of the trial court being pointed out in the argument as erroneous, and none which we have been able to discover ourselves, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*