THE PENNSYLVANIA COMPANY

*v.*

NELLIE KEANE, Admx.

*Filed at Ottawa October 31, 1892.*

1. EVIDENCE—*tending to magnify damages—proof of dependence of plaintiff's family in action for personal injury.* In an action by the injured party against a railway company, to recover damages for a personal injury, the fact that the plaintiff has a family dependent on him for support is wholly immaterial, having no relevancy to any point in issue ; and the admission of such fact in evidence is erroneous, as being likely to excite sympathy and magnify the damages.

2. SAME —*proof of dependence of family proper when action is for death of plaintiff's intestate, caused by negligence.* But in an action by the administrator of a deceased person to recover damages for causing the death of such person, it is not competent for the plaintiff to show what the pecuniary circumstances of the widow, family or next of kin are or have been since the death of the intestate, but it is competent to show that the wife, children or next of kin were dependent upon him for support before and at the time of his death.

3. NEGLIGENCE—*in suit against railway company for negligence of its servants, the liability of the latter to the company is not involved.* In an action against a railway company to recover damages for negligence, the court refused an instruction asked by the company, to the effect that the engineer and fireman of the train inflicting the injury were personally liable to the defendant for any negligence which the jury might believe was committed by them at the time mentioned, in the case, and for all damages, if any, which should be allowed by the jury on account of such negligence : *Held,* that the instruction was properly refused, as presenting a matter wholly foreign to the issues involved.

4. PRACTICE—*finding of facts by Appellate Court.* A judgment of affirmance by the Appellate Court is a finding that the facts of the case are the same as they were found to be by the verdict of the jury or finding of the court at the trial in the trial court.

5. PRACTICE IN SUPREME COURT—*what will reverse judgment of Appellate Court.* This court can not reverse the judgment of the Appellate Court simply because that court may have given bad reasons for its judgment. It can reverse only for erroneous judicial acts.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

Mr. George Willard, and Mr. F. H. Trude, for the appellant:

The law requires the Appellate Court to pass upon and decide questions of fact as well as questions of law. *Pennsylvania Co.* v. *Baches*, 133 Ill. 255.

The court erred in allowing appellee to testify that the deceased was, at the time of his death, her sole support. *Chicago* v. *O'Brennan*, 65 Ill. 160; *Railroad Co.* v. *Baches*, 55 id. 379; *Railroad Co.* v. *Powers*, 74 id. 341; *Railway Co.* v. *Moranda*, 93 id. 302; *Joliet* v. *Conway*, 119 id. 489.

It was error to refuse appellant's third instruction. *Coal Co.* v. *Reid*, 3 Macq. 283.

Messrs. Windes & Sullivan, for the appellee:

When the Appellate Court affirmed the judgment it found the facts necessary to sustain the judgment. *Pennsylvania Co.* v. *Baches*, 133 Ill. 255.

There was no error in admitting evidence that the deceased was the sole support of his widow. *Railroad Co.* v. *Johnson*, 103 Ill. 512; *Railroad Co.* v. *Baches*, 55 id. 379; *Railroad Co.* v. *May*, 108 id. 288.

Mr. Justice Baker delivered the opinion of the Court:

This was an action on the case, against the Pennsylvania Company, brought by Nellie Keane, the appellee, as administratrix of Maurice Keane, her late husband, for wrongfully and negligently causing his death. There was verdict and judgment in the circuit court of Cook county against the appellant corporation for damages, and the judgment was affirmed in the Appellate Court.

It is claimed to be error that the trial court permitted appellee, when examined as a witness, to state, over the objections of appellant, that the deceased was, at the time of his death, her sole support. The cases of *City of Chicago* v. *O'Brennan*, 65 Ill. 160, *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Powers*, 74 id. 341, and *City of Joliet* v. *Conway*, 119 id. 489, were all suits to recover damages for personal injuries, and the persons who received the injuries were the plaintiffs. It was held in each of said cases that the fact that there was a family dependent for support upon the plaintiff was wholly immaterial, had no relevancy to any point in issue, was likely to excite sympathy and magnify damages, and was error.

*Illinois Central Railroad Co.* v. *Baches*, 55 Ill. 379, was an action like this, brought by the administratrix of the deceased. It was there held that the pecuniary circumstances of the widow and child of the intestate could not be considered in assessing the damages. But it was also there held that their loss of support was proper to be considered, and in that connection it was said: "The support the widow and minor would have been likely to receive had deceased not have been killed, is a fair, and, no doubt, the controlling, element to be considered in fixing the pecuniary loss sustained. It is the loss of that support which more largely produces the pecuniary injury than any other, and hence it is eminently proper that it should be considered. The law imposes upon the husband the duty of supporting the wife, and hence by his death she sustains a pecuniary loss, and that being so, it is a proper element to be considered by the jury in assessing damages."

*Chicago and Northwestern Railroad Co.* v. *Moranda*, 93 Ill. 302, was also a suit by an administratrix. It was there held to be immaterial that after the time of the death of her intestate she and her children had no other means of support or other pecuniary resources, and also held that the admission in evidence of such fact constituted reversible error.

In *Chicago, Burlington and Quincy Railroad Co.* v. *Johnson,* 103 Ill. 512, it was held that it was technically erroneous to admit evidence of the poverty of the family of the deceased, but that it could not be said in that case that it did any harm.

The still later case of *Chicago and Alton Railroad Co.* v. *May, Admx.* 108 Ill. 288, was a case very like this, and the above mentioned cases of *Railroad Co.* v. *Moranda, Chicago* v. *O'Brennan,* and *Railway Co.* v. *Powers,* were cited in the briefs of the appellant. The appellee had been permitted to prove at the trial, against the objections of the appellant, that the deceased in his lifetime supported appellee and her children, and it was held not to be error. It was there said: "In cases of this character, where the action is founded solely upon the hypothesis that the plaintiff, by reason of the husband's death, has been injured in her means of support, such evidence is not only admissible but highly proper,—indeed, almost indispensable,—and there is nothing in the cases referred to sustaining a contrary view."

We take it that the rule deducible from the cases is substantially this: That it is not competent to show what the pecuniary circumstances of the widow, family or next of kin are or have been since the decease of the intestate, but that it is competent to show that the wife, children or next of kin were dependent upon him for support before and at the time of his death. This view is in consonance with the statute that gives the action, and which provides that such damages shall be given as are a fair and just compensation for the pecuniary injuries resulting from the death to the wife and next of kin of the deceased person. It can not well be said that proof that the wife or next of kin of the deceased were, at and before the time of his decease, dependent upon him for support, or that he was her or their sole support, is wholly immaterial and irrelevant to any point at issue in the case. We therefore conclude that there was no error in overruling the objection made in that regard to the evidence.

It is claimed that it was error to refuse to give to the jury· an instruction which read as follows:

"The jury are instructed that the engineer and fireman of the said South Chicago train are personally liable to the defendant for any negligence which the jury shall believe was committed by them at the time mentioned in this case, and for all damages, if any, which shall be allowed by the jury on account of such negligence."

Said instruction was properly refused. Under the maxim *respondeat superior*, appellant was liable for the negligence and wrongful acts of its engineer and fireman. Whether its liability, by virtue of said maxim, rested, under the circumstances of this case, upon the principle of guarantee, and that therefore said engineer and fireman were liable to appellant as indemnitors for all damages recovered against appellant and caused by the misconduct of such engineer and fireman, is a matter wholly foreign to the issues involved in this case. It will be time enough to decide the question of such liability to appellant when appellant brings suit for its enforcement.

One of the assignments of error in this court is, "that the Appellate Court did not decide whether the verdict is against the evidence." Section 88 of the Practice act provides, that if the final determination of the cause in the Appellate Court is the result of a finding of facts different from the finding of the court below, then it shall be the duty of the court to recite in its final order or judgment the facts as found. If the Appellate Court does not, in its final judgment, recite the facts found by it, it will be deemed to have found the facts as the trial court did. (*Brant* v. *Lill*, 96 Ill. 608; *Coalfield Co.* v. *Peck*, 98 id. 139.) And it has been decided, in cases too numerous to mention, that the affirmance of a judgment in the Appellate Court is a finding that the facts of the case are the same that they were found to be by the verdict of the jury or finding of the court at the trial in the trial court.

Another of the errors here assigned is, "that the Appellate Court, in the decision of said cause, considered and adopted, and were guided by, matters not germane to the record therein." This assignment does not call in question the judgment of the Appellate Court or any of its proceedings, but the reasons that it gave in its opinion for rendering the judgment of affirmance. So far as that judgment was based on matter of fact we have no authority to review it, and so far as it was based on matter of law we can reverse only for erroneous judicial acts, and not simply because the court may possibly have given bad reasons for performing those acts. See *Christy* v. *Stafford*, 123 Ill. 463, and the late case of *Dunham Towing and Wrecking Co.* v *Dandelin*, 143 id. 409.

We find no substantial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*