# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO AND WESTERN INDIANA RAILROAD CO.

*v.*

ALBERT PTACEK, Admr.

*Opinion filed December 22, 1897—Rehearing denied February 3, 1898.*

1. NEGLIGENCE—*not negligence per se for person to attempt to cross track ahead of approaching train.* Although an act of imprudence, it is not negligence *per se* in every case, as a matter of law, for a person to attempt to cross a railroad track in front of an approaching train when the crossing gates are down.

2. DAMAGES—*right of adult children to recover damages for negligent killing of parent.* In an action against a railroad company for the negligent killing of a woman, proof that her next of kin are adult children will not raise a presumption of pecuniary loss to them from her death; but where there is evidence tending to prove that they derived a benefit from her life, the pecuniary value of that benefit must be left to the jury.

3. SAME—*whether damages allowed by jury are excessive is a question for the Appellate Court.* Whether the damages awarded by the jury, under the evidence, are excessive is a question to be determined by the Appellate Court.

*Chicago & West. Ind. R. R. Co.* v. *Ptacek,* 62 Ill. App. 375, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

W. O. Johnson, E. A. Bancroft, (Stirlen & King, of counsel,) for appellant:

If the conduct of the party whose duty it is to use due care is so clearly negligent that all reasonable minds would so pronounce it without hesitation or dissent, then the court may so pronounce it by instructions to the jury. Beach on Cont. Neg. 454; Cooley on Torts, 650.

Negligence may become a question of law where, from the facts admitted or conclusively proved, there is no reasonable chance of different reasonable minds reaching different conclusions. Negligence may also become a question of law when it appears that a single material fact is conclusively shown or uncontradicted, the existence of which is conclusive of a right of recovery. *Railway Co.* v. *Brown*, 152 Ill. 484.

The right of next of kin to recover for the death of their intestate, produced by the negligent or wrongful act of another, is a purely statutory right, and the extent of this right is to be determined by the terms of the act which created it. This act confines the right of recovery by the next of kin to pecuniary loss, and all other elements of loss must be excluded. The question is resolved to a matter of actual computation of the dollars and cents which the kinsman loses by reason of the death of his intestate. *Armour* v. *Czischki*, 59 Ill. App. 17; *Railroad Co.* v. *Brodie*, 156 Ill. 317.

Jones & Lusk, for appellee:

Negligence and due care, and degrees and comparison of negligence, are questions of fact for the determination of a jury, and with that determination neither the theory nor the history of trial by jury warrants any interference

by the court, unless it is apparent the jury disregarded their duty.    *Railroad Co.* v. *Wilson*, 35 Ill. App. 346.

When proof is made of the age and relationship of the deceased to next of kin the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience in relation to matters of common observation.    *Chicago* v. *Hesing*, 83 Ill. 204.

Mr. Justice Wilkin delivered the opinion of the court:

This action was by appellee, as administrator of the estate of Rosalie Pruka, against appellant, for negligently causing the death of his intestate.    He obtained judgment in the trial court for $3000 and costs of suit, and that judgment was affirmed in the Appellate Court.

The principal question discussed and decided in the Appellate Court was whether or not the damages were excessive.    That, together with all other controverted questions of fact, being settled there, it only remains for us to determine whether any of the errors of law assigned upon the record were committed by the trial court.

Upon the trial appellant asked the court to instruct the jury that if, at the time plaintiff's intestate came to the railroad crossing at which she was killed, the gates were down, and she disregarded that fact and went upon the crossing, endeavoring to cross over the tracks in front of an approaching engine, plaintiff could not recover.    But the court modified it by adding after the words "approaching train," "and that in so doing she was guilty of lack of ordinary care," and this modification is assigned for error. It is not denied that the question as to whether certain acts amount to negligence is, as a general rule, one of fact, but it is contended that in this case the acts mentioned in the offered instruction are such acts of negligence as leave no reasonable ground for doubt in the conclusion of reasonable minds, and therefore the court erred in refusing to submit it to the jury as a matter of law.    In support of this position the case of *Hoehn* v. *Chicago, Peoria and*

*St. Louis Railway Co.* 152 Ill. 223, and *Wabash Railway Co.* v. *Brown,* 152 id. 484, are cited.   In the former of these cases we said (p. 229): "Negligence is generally a question of fact.   *   *   *   There is, however, this exception to the rule: that the court may not properly say to the jury that negligence has been established as a matter of law.   If the conduct of the party charged with negligence, or whose duty it is to use due care, 'is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent,' then the court may so pronounce it by instructions to the jury." While it is doubtless true that all reasonable minds will agree that to attempt to cross a railroad track in front of an approaching train, the gates being down, is ordinarily an act of gross negligence, yet we apprehend that the attempt might be made under circumstances where it would not necessarily be negligence.   The distance of the approaching train from the crossing and the speed at which it is moving would certainly be very material facts in determining the question of due care.   It cannot be said that every person who attempts to cross a railroad track upon a street in front of an approaching train when the gates are down is guilty of negligence *per se;* and while, as we have said, it is generally an act of imprudence, yet if it is done under such circumstances as show that ordinary care is being exercised, a right of recovery for negligence on the part of those in charge of the engine is not barred.   We think it was not error to refuse the instruction as asked, and the modification of it was not improper.   The court could not, under all the facts proved, be required in this way to take the question of negligence from the jury.

It is next insisted that the court erred in refusing to instruct the jury to return a verdict for nominal damages, only, in case they found the defendant guilty.   As we have already said, the question as to whether the damages awarded by the jury, under all the facts proved, are excessive, is one peculiarly within the province of

the Appellate Court to determine. We cannot say, as a matter of law, that plaintiff was not entitled to recover substantial damages. Whether he was or not can only be determined by reviewing the evidence and determining its weight as establishing or failing to establish the facts which go to the question of damages. The court did instruct the jury, on behalf of the plaintiff, that if, from the evidence, under the instructions of the court as to the law, they found the defendant guilty, they should assess the plaintiff's damages at such a sum as they deemed fair and just compensation with reference only to the pecuniary injuries, if any, resulting from the death of the deceased to her next of kin, not exceeding the sum of $5000. That instruction, as we understand it, announced the correct rule as to the measure of damages, and properly left the jury to find the facts from the evidence. Conceding the relationship between the deceased and her children was such as no pecuniary interest in her life would be presumed, they being adults, yet there is certainly some evidence tending to prove that the children derived a benefit from her life. The pecuniary value of that benefit was a question for the jury, and finally for the Appellate Court, and so both parties treated the case by their instructions. Defendant cannot complain of plaintiff's similar instructions. In this class of cases it is not necessary that damages be proved in dollars and cents, but having proved such kinship as raises a presumption of pecuniary loss, or offered proof of loss in cases of collateral kindred or adult children, the jury must, from age, health, etc., fix the damages sustained.

No error appearing in the record in this cause the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*