PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

FRANK T. KINNARE, Admr.

*Opinion filed June 16, 1903.*

1. PLEADING—*when declaration is sufficient to support judgment.* A declaration in a personal injury case is sufficient to support the judgment even though it does not allege due care by deceased, where it alleges that defendant's servants, knowing the perilous position of deceased, wantonly and willfully and without warning backed an engine upon him, in violation of a city ordinance, and that they might have stopped the engine before it struck him.

2. APPEALS AND ERRORS—*whether a verdict is against the weight of evidence is not open to review by Supreme Court.* Upon appeal in a personal injury case the appellant is entitled to the judgment of the Appellate Court as to whether the verdict is against the weight of the evidence, but in the Supreme Court the only question is whether there is any evidence fairly tending to support it.

3. EVIDENCE—*what tends to prove that injury was wanton.* Evidence that plaintiff's intestate was standing close to defendant's track, with his back toward an approaching engine; that the engineer saw him and slowly backed the engine towards him without giving any warning and ran over him, although the engine might readily have been stopped before it struck him, tends to prove that the injury was wanton, as alleged.

4. SAME—*what competent upon question of damages.* In a personal injury case it is not proper to admit evidence of the pecuniary condition of the widow or next of kin, but it is not error to allow proof of the earnings of the deceased and that the widow and children were supported by him.

5. TRIAL—*permitting leading questions is largely discretionary with trial court.* Permitting leading questions is a matter resting so largely in the discretion of the trial court that it will not work a reversal unless there is a manifest abuse of such discretion.

6. INSTRUCTIONS—*when reference to declaration is not ground for reversal.* Reference in an instruction to the declaration, although not an approved practice, is not ground for a reversal where no question of law is submitted in that way and the several counts each contain a sufficient statement of the cause of action.

*P., C., C. & St. L. Ry. Co.* v. *Kinnare*, 105 Ill. App. 566, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

GEORGE WILLARD, for appellant.

W. S. JOHNSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Thomas Mann was a switch tender of the Chicago Terminal Railroad Company in Chicago, in charge of switches of that company between Archer avenue and Thirty-ninth street. West of the tracks of the terminal company on which he worked there were tracks of appellant, with a space of about eleven feet between. In this space was one of the switch stands which he tended. He threw that switch to permit a freight train of the Baltimore and Ohio Railroad Company to pass, and then stepped back so close to appellant's track that an engine could not pass without striking him, and stood there making a memorandum in a book. His back was toward an engine of the appellant which was backing up on

its track, and he was struck by the engine, and, falling under the wheels, was killed. Appellee was appointed administrator of his estate, and brought this suit in the superior court of Cook county to recover the damages suffered by the widow and next of kin. There was a verdict and judgment in favor of appellee, which has been affirmed by the Branch Appellate Court for the First District.

The trial court overruled a motion in arrest of judgment, and the ruling is assigned as error, on the ground that the declaration is not sufficient to support a judgment. There are three counts in the amended declaration, and neither of them alleges that deceased exercised any care for his own safety, but they are based upon the theory that he was a trespasser upon the defendant's right of way, and that his death was caused by wanton and willful acts of the defendant. They allege that he was in such close proximity to the track that the engine could not be run past him without striking him, and that the defendant knew of his perilous position and the danger he was in, and ran the engine against him and killed him. Under the allegations of the declaration defendant would not be liable for mere negligence, and could only be charged with liability in case of a wanton or willful injury. But the injury charged is of that character. The first count charges that the engine was backed without giving any warning of its approach by ringing a bell, as required by an ordinance of the city of Chicago, and it has been held that the mere fact that a train was run in a manner prohibited by an ordinance will not furnish a sufficient reason for holding an injury to be wanton or willful. (*Illinois Central Railroad Co.* v. *Hetherington,* 83 Ill. 510; *Blanchard* v. *Lake Shore and Michigan Southern Railway Co.* 126 id. 416.) But the count contains the additional averments that the defendant knew the perilous position of the deceased, and that the backing of the engine without the required warning was willful and wan-

ton.  The second count charges the wanton and willful starting and backing of the engine without giving any warning or signal, and running against the deceased, knowing his dangerous position.  The third count charges that after the engineer saw the deceased and saw him standing in a perilous position he could have brought the engine under control and stopped it, but failed to do so and ran against him.  We think the declaration sufficient to support the judgment.

The defendant asked the court to instruct the jury to return a verdict of not guilty, and the request was refused.  It was not disputed that the deceased was close to defendant's track in a position of peril, and was looking in the opposite direction from the approaching engine, giving no heed to his surroundings.  The controverted question was whether his death was caused by wanton or willful acts of the defendant.  The defendant was entitled to the judgment of the Appellate Court whether the verdict was against the weight of the evidence on that question, but the only question open for consideration here is the question of law whether there was evidence fairly tending to prove that the acts of defendant were willful or wanton.  The evidence on the part of the plaintiff tended to prove that deceased was in plain view of the defendant's engineer, who was looking toward him; that the tender had a sloping top, and the engineer could see the rails at a distance of seventy feet from the engine and could see the deceased at a less distance; that the engineer saw him and backed the engine slowly toward him without warning of any kind; that deceased remained in the same position as long as the engineer could see him, and the engine could have been readily stopped, but the engineer continued backing up without warning until the accident.  This evidence fairly tended to prove the averments of the declaration.

It is urged that the court erred in rulings on the admission of testimony.  The deceased left a widow and

nine children, and the widow was allowed to testify that he contributed his wages every month to the support of the family. It is not proper to admit evidence of the pecuniary condition and resources of the widow or next of kin or their unfortunate condition, but it is not error to allow proof of the earnings of the deceased and that the wife and children were supported by him. (*Pennsylvania Co.* v. *Keane*, 143 Ill. 172; *St. Louis, Peoria and Northern Railway Co.* v. *Dorsey*, 189 id. 251.) The court permitted many leading questions to be asked by counsel for plaintiff, but that is a matter resting so largely in the discretion of the court that it will not be ground for reversal unless there has been a manifest abuse of the discretion, and we cannot say that such was the case in this instance. Counsel for plaintiff, in addressing the jury, did not confine himself to a discussion of the evidence, but devoted his remarks largely to an attack upon the defendant and its counsel concerning the manner of the defense and the objections which had been made to testimony. That portion of the address was improper and the conduct of counsel was not as well regulated by the court as it ought to have been, but the court sustained defendant's objections to the remarks, and, we think, made the jury understand that defendant was only exercising its legal rights in objecting to evidence. We do not regard the conduct of counsel as requiring a reversal.

The first instruction given at the instance of plaintiff is objected to on account of its reference to the amended declaration, and it is contended that the instruction justified a recovery for mere negligence or a failure to use ordinary care. The practice of referring the jury to the declaration for the issues is not a good one, but the court should state the issues to the jury in the instructions. (*Illinois Central Railroad Co.* v. *King*, 179 Ill. 91.) We have not regarded a reference to the declaration as ground for a reversal where no question of law was submitted in that way and the several counts each contain a suffi-

cient statement of a cause of action.  In this case each count, in our judgment, sufficiently alleged a willful and wanton injury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*