## Michael J. Prendergast, Administrator, v. Chicago City Railway Company.

### Gen. No. 11,143.

1. PECUNIARY LOSS—*what evidence competent to show.* It is competent in an action on the case for death caused by the alleged wrongful act of the defendant to prove that the deceased, notwithstanding he was forty-eight years of age, contributed to his father's support, and how much he was in the habit of so contributing.

2. PECUNIARY LOSS—*when instruction upon, is erroneous.* An instruction upon this subject as follows : "The court instructs you that in an action such as this if the plaintiff recovers at all, the actual pecuniary loss to the next of kin is the sole measure of recovery. Every item and element of damages claimed must be shown by a preponderance of the evidence in the case and every item and element of damages which in the judgment of the jury is not sustained by a preponderance of the evidence should be disallowed. The law does not permit the jury to base a verdict upon any mere speculative or unproved view of what might or might not happen in the future. No amount or dollar can be given by the jury that is not based upon the evidence admitted by the court; that must be based upon the evidence actually in the case and not upon statements of counsel not supported by the evidence, if any such statements have been made. The law does not allow a recovery for anything whatever for court costs, attorney's fees nor witness fees, nor any expenses of the suit or funeral, nor any loss sustained by the deceased himself, or anything for doctor's bills, medicines, nursing, or attendance, nor anything whatever for any mental pain or suffering of the next of kin,—" is erroneous, and its giving, coupled with the exclusion of proof which tended to show pecuniary

loss, virtually amounted to a declaration by the court to the jury that they should exonerate the defendant from liability.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed May 17, 1904.

AMBROSE RISDON, for appellant.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellant, as administrator of Patrick Prendergast, deceased, brought this suit to recover damages from appellee for the alleged negligent killing of plaintiff's intestate in a collision between a wagon and horse driven by the deceased and one of appellee's electric cars on Thirty-first street, between Cottage Grove and Groveland avenues, in Chicago. The first count of the declaration charges negligence in operating the car; the second in failing to ring the bell or sound the gong; the third in the employment by appellee of incompetent servants. There was no proof in support of the last count, but appellant made out a *prima facie* case under the other two. The appeal is from a judgment upon a verdict of not guilty.

At the time of the accident and of his death deceased was forty-eight years old. The proof tends to show that he was unmarried, a strong, healthy man, and had been working as a roofer for the last four years of his life. Appellant offered to show by the father and one of the brothers of the deceased what support was furnished by him to his father. Thus, the father was asked to tell "what support, if any, your son furnished you?" There was an objection, and the court said : "How is that competent?" "Mr. Risdon: Competent to show the dependence. The Court : Has any court ever held it was? * * * Mr. Risdon : What, if anything, did your son do towards supporting you during his lifetime? Mr. Page: I object. The Court: That is the same thing in another form, isn't it? Mr. Ris-

don : Did your son furnish you any money ? A. No, sir; he supported me; he worked. Mr. Page : I object, and move that the answer be stricken out." And the court so ordered. " Whom were you living with at the time your son died ? With my daughter. And who paid your board ? Mr. Page : I object. The Court : Sustained. A. My son helped to pay my board." Upon motion of appellee's counsel this answer was stricken out. " Mr. Risdon : You may state who you were dependent upon for your board and clothing. Mr. Page : I object. The Court : Sustained." To the questions what the deceased's earnings were and who paid the witness' board objections were sustained, as also to the further question whether anything was paid by the deceased towards the witness' support. .

Michael J. Prendergast, a brother of the deceased, after having testified that the latter had been working for him as a roofer, was asked : " What, if any, wages did you pay him ? Mr. Page. I object. The Court : How is that competent here ? If he was alive you might show that he was earning so much money, if this suit was brought by himself. Mr. Grover : Did you pay on behalf of your dead brother any money to your father for his support ? Mr. Page : I object. The Court : Sustained. * * * Mr. Grover : Do you know who supported your father during the lifetime of your brother ? Mr. Page : I object. The Court : How is that competent ? why not settle this now ? I might have supported him; that would not give him a cause of action for my death. * * * Mr. Grover : State whether or not Patrick Prendergast, deceased, furnished the support for his father. Mr. Page : I object. The Court : Suppose I supported Judge Page, who was old and couldn't take care of himself, and somebody killed me, he couldn't sue somebody who killed me. Mr. Grover : Because there would be no legal obligation. The Court : You have heard the ruling; it is not necessary to argue it any further." Proper exceptions were preserved to all the foregoing rulings.

We think the court erred. It should have permitted

appellant to prove the earnings of the deceased and how much, although he was forty-eight years old, he contributed or was in the habit of contributing toward the support of his father. It is true where the next of kin are lineal and the deceased is a minor, the law presumes pecuniary loss from the fact of death (City of Chicago v. Scholten, 75 Ill. 468; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197); nevertheless, as held in C. & A. R. R. Co. v. May, 108 Ill. 288, evidence that the deceased in his lifetime supported his children, "is not only admissible, but highly proper, if not indispensably necessary." Pennsylvania Co. v. Keane, 143 Ill. 172; Swift & Co. v. Foster, 163 Ill. 50; C. & W. I. R. R. Co. v. Ptacek, 171 Ill. 9; P., C., C. & St. L. R. R. Co. v. Kinnare, 203 Ill. 388; City of Salem v. Harvey, 29 Ill. App. 483. In I. & St. L. R. R. Co. v. Whalen, 19 Ill. App. 116, as also in several of the foregoing cases, it was held proper to prove that the deceased, although of age, contributed a portion of his earnings to the support of his parents or brothers and sisters. In the City of Chicago v. Keefe, 114 Ill. 222, the court say: "Parents and even brothers and sisters might reasonably expect in many ways to derive pecuniary benefit from the continued life of the intestate as of grace and favor if not of right at any age of life, and our statute imposes the duty of support in the event of their becoming paupers, of the parent by the child, and of one brother or sister by another brother or sister." Damages recoverable for a loss of pecuniary benefits from the death of a child are not limited to the value of services during minority, but extend to what might have been received at any time. B. & O. S. W. R. R. Co. v. Then, 159 Ill. 535. In the case at bar (and in all similar cases) if the offered proof had been received, the jury instead of groping in the dark would have had before them some data enabling them to fix more intelligently the pecuniary loss sustained by the next of kin.

The exclusion of the proof was peculiarly hurtful to appellant in view of the following instruction given at appellee's request:

"The court instructs you that in an action such as this if the plaintiff recovers at all, the actual pecuniary loss to the next of kin is the sole measure of recovery. Every item and element of damages claimed must be shown by a preponderance of the evidence in the case and every item and element of damages which in the judgment of the jury is not sustained by a preponderance of the evidence should be disallowed. The law does not permit the jury to base a verdict upon any mere speculative or unproved view of what might or might not happen in the future. No amount or dollar can be given by the jury that is not based upon the evidence admitted by the court; that must be based upon the evidence actually in the case and not upon statements of counsel not supported by the evidence, if any such statements have been made. The law does not allow a recovery for anything whatever for court costs, attorney's fees nor witness' fees, nor any expense of the suit or funeral, nor any loss sustained by the deceased himself, nor anything for doctor's bills, medicines, nursing or attendance, nor anything whatever for any mental pain or suffering of the next of kin."

By this instruction the jury were told that the plaintiff can recover only "the actual pecuniary loss to the next of kin;" that "every item and element of damages claimed must be shown by a preponderance of the evidence;" that "every item and element" not so shown "should be disallowed;" that the verdict cannot be based "upon any mere speculation or unproved view of what might or might not happen in the future;" that "no amount or dollar can be given that is not based upon the evidence." Then follows a long list of specified items for which the jury were informed "the law does not allow a recovery."

The court having previously excluded all proof tending to show "actual pecuniary loss to the next of kin" or damages suffered by them from the death of the deceased, it is somewhat difficult to understand how the jury, with this instruction before them, could do otherwise than render a verdict of not guilty. The giving of the instruction coupled with the exclusion of the proof virtually amounted to a declaration by the court to the jury that they should exonerate the defendant from liability. Moreover, the instruc-

tion is not the law. Its language as a whole would almost certainly lead the jury to believe that the proof must be such as to enable them to compute the loss and damage in dollars and cents. "In this class of cases it is not necessary that damages be proved in dollars and cents, but having proved such kinship as raises a presumption of pecuniary loss, or offered proof of loss in cases of collateral kindred on adult children, the jury must from age, health, etc., fix the damages sustained." R. R. Co. v. Ptacek, *supra;* O. & M. R. R. Co. v. Wangelin, 152 Ill. 138.

For appellee it is contended that the errors pointed out are harmless as bearing only upon the question of damages and that the jury had no occasion to consider this question as they found the issues for the defendant. There would be more force in this contention if the court had admitted the proof showing deceased's earnings and the benefit derived from them by his father. In such case it could have been urged with some degree of plausibility that the jury found the defendant free from negligence or the deceased guilty of contributory negligence, and that, therefore, the instruction did no harm. But with the instruction given and the testimony excluded we cannot say there was no material error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*