W. S. Harrison, Trustee et al., Appellants, v. Helena Kamp et al., Appellees.
Fred W. Potter et al., Appellees, v. Mary Bobby et al., Cross Defendants.

Gen. No. 10,225.

Opinion filed April 20, 1948. Rehearing opinion filed October 14, 1948. Released for publication November 2, 1948.

WALTER C. OVERBECK, of Henry, and CLYDE MITCHELL, of LaSalle, for appellants.

ARBER, SWAIN & JOHNSON, of Peoria, and FRED W. POTTER, JR., of Chicago, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The pleadings in this case are very voluminous as disclosed by the record, but the facts in dispute are simple, so a detailed account of the pleadings is not necessary for the proper consideration of the issues involved, as now presented to us. In 1935 a trust agreement was entered into by a number of parties to this suit in which Mr. W. S. Harrison was appointed trustee to take title to, control and manage certain real estate in Putnam county, Illinois. The trust agreement provided that the property purchased should be treated as personal property, and no one have a vested interest in the real estate itself. Mr. Harrison was to manage the property and then on the petition of 75 per cent or more of the parties in interest he was to sell the same, and divide the proceeds among the beneficiaries of the trust.

A petition was signed by more than 75 per cent of the interested parties, in fact 58/64 of the interests involved, requesting Mr. Harrison to sell the property at an agreed price of $32,000. A question arose as to whether Mr. Harrison could give a good title to the real estate. He, representing nearly all of the interested parties, filed a petition in the circuit court of Putnam county, making the other beneficiaries, parties to the suit, and asked for a construction of the trust agreement.

Mr. Fred W. Potter, executor and trustee under the last will and testament of Catherine C. Gresser Peterman, deceased, filed his answer and denied that the trust agreement created a valid trust. He alleged that the real estate in question, was owned by the parties in interest, instead of having an interest in personal property.

Mr. Potter, as executor and trustee as aforesaid, filed a cross complaint in which he claimed that he and others, had an undivided interest in the property, and asked to have the land partitioned as real estate. The original plaintiffs filed an answer to the cross complaint for partition in which they denied it was real estate, and that the parties were entitled to have the land sold, in a partition proceedings. The cross complainant made a motion for judgment on the pleadings. The court sustained this motion and entered judgment on the pleadings, and entered a decree of partition and sale of the property.

The original plaintiffs perfected an appeal to the Supreme Court of Illinois. The Supreme Court affirmed the decision of the lower court, which is reported in 395 Ill. 11.

After the case was remanded to the trial court, the master sold the property for $42,000. This sale was affirmed by the court. Over the objection of some of the original plaintiffs, the cross complainant had witnesses testify as to the reasonable and customary fees

that should be allowed solicitors for cross plaintiffs in the partition suit. The court fixed the fee at $2,850. He also directed $68.60 to be taxed as costs incurred by the master, in advertising the sale, etc., while the case was pending on appeal to the Supreme Court, which sale was later stopped by a supersedeas, issued. by the Supreme Court. It is from the order allowing the solicitor's fee, and the assessment of the costs that this appeal is now prosecuted to this court.

We find no merit in the contention of the appellants that the $68.60 should have been assessed against Fred W. Potter, as executor of the Peterman will, and we think the court properly assessed this part of the costs.

The appellants do not question the reasonableness of the attorneys' fee, but claim that under the circumstances, as presented in this case, the cross complainants were not entitled to any attorneys' fee whatsoever. The principal case relied upon by the appellants to sustain their contention, is *Seeberger v. Seeberger,* 325 Ill. 47. In discussing the facts in that case, the Supreme Court used this language: ''The decree provided that reasonable solicitor's fees for services rendered by appellee's solicitor in this case should be allowed and taxed as costs. It is contended by appellant that in a partition suit solicitor's fees cannot be allowed to a complainant where a defense is made in good faith. This suit was not an amicable one. The defense interposed by appellant was of a substantial character and was made in good faith. Under this state of the record appellee was not entitled to have her solicitor's fees taxed as costs.''

It must be conceded that the law, as stated in *Seeberger v. Seeberger, supra,* is the law in the State of Illinois, but in the *Seeberger* case and other similar ones, it will be noted that there were contested facts relative to the sale of the land. In the present case there is no contest relative to the sale of the land, as

all the interested parties petitioned the court for the sale. First, the original plaintiffs, by their suit, wanted to sell the land through their trustee, and the defendants, by their cross complaint, wanted to sell it by a decree of court in a partition suit.

The Supreme Court in affirming the judgment of the trial court holding that the trust agreement was invalid in the course of their opinion, used this language: ''Appellants' first contention is that appellees' motion for judgment on the pleadings is confined to the single question of whether the trust agreement comes within the rule against perpetuities. The argument is that appellees, instead of replying to appellants' answer to the cross complaint, filed a motion for judgment on the pleadings assigning as reason therefor that the challenged trust agreement contained no specific termination date and, hence, was void as a violation of the rule against perpetuities. Section 42 (3) of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 166 [Jones Ill. Stats. Ann. 104.042]) is invoked to support the argument. This section provides that all defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived. Recourse to the pleadings and, in particular, appellants' amended complaint, appellees' answer, appellants' reply, appellees' cross complaint and appellants' answer thereto disclose that no new matters or facts were pleaded to require a reply to appellants' answer to the cross complaint. The pleadings raise issues of law which are open to consideration upon this appeal. The fact that the motion for judgment urged a violation of the rule against perpetuities as a basis for relief does not mean that this is the only question open here. The decree sets forth merely that the trust agreement did not create or effect an equitable conversion of the lands described from real estate into personal estate. It is the decree, of course, and not

the reasons motivating the chancellor in entering, which is under review, and the decree, if right, will be affirmed. (*Bullman v. Cooper,* 362 Ill. 469; *Pelouze v. Slaughter,* 241 Ill. 215; *Pennsylvania Co. v. Keane,* 143 Ill. 172.) The motion for judgment raised the sufficiency of the pleadings, as a matter of law, to entitle the original plaintiffs to the relief sought by their complaint and as to whether cross defendants' answer set up such a defense to the cross complaint as to entitle cross defendants to a hearing on the merits.''

Part of the above quotation is: *''Disclose that no new matters or facts were pleaded to require a reply to appellants' answer to the cross complaint.''* (Italics ours.) From this language it is clear that there was no defense whatever to the partition suit. The whole controversy was settled when the court found that Harrison, as trustee, did not have title to the property, and was unable to sell the same and give a good title. The facts in this case are wholly dissimilar from any that have been called to our attention where attorney fees have not been allowed when there was an answer filed to the complaint for partition. Under the circumstances in this case, it is our conclusion that the appellees were entitled to reasonable attorney fees for their services, unless there is some other rule of law which is a bar to the same.

In the case of *Gehrke v. Gehrke,* 190 Ill. 166, Sophia Gehrke filed an original petition in the Superior Court of Cook county, alleging that she was entitled to dower in the lands of her deceased husband, Conrad Gehrke; that dower had never been assigned to her and she prayed that a decree be entered setting off her dower to her. The petition made the heirs of Conrad Gehrke defendants to the suit. Emil Gehrke, one of the heirs and defendant to the petition for the assignment of dower, filed a cross-bill setting up the interests of the parties in the property in which the widow claimed

dower and homestead, and asked for a partition of the same. The land was sold under a decree of partition, and a question of whether the cross complainants were entitled to a solicitor's fee was raised, and the court held there, that under the circumstances, as shown in that case, that the cross complainants were not entitled to attorney fees.

It will be observed in the *Gehrke* case that Mrs. Gehrke started the suit for the assignment of her dower interest in the property, and there was no defense whatsoever to her petition. Under the cross-bill, she got exactly the same interest that she had prayed for in her petition for the assignment of dower and under such circumstances, the court held that it would be inequitable to make her pay part of the attorney fees for the partition of the land. In the opinion we find this language: "To permit the widow to employ counsel to file a petition for the assignment of her dower and then permit the heirs, who are made defendants to such petition, to come in and, by filing a cross-bill for partition, compel the widow to pay a portion of their solicitor's fees, would be to permit such heirs to take advantage of their own wrong, inasmuch as the filing of the petition for dower by the widow is the result of their own neglect to set off her dower, as required by section 18 of the Dower Act."

In the present case the facts are wholly different. The appellants, in their original complaint, were not entitled to the relief they prayed for, as a trustee had no title to the land in question. The appellee, by filing his bill for partition, properly set forth the interest of all the parties and complied in every respect with the law in asking for a partition of the land, and properly represented all the equitable owners thereof. While it may not be material, the land sold for $10,000 more than the appellants had authorized the trustee to sell the premises for.

Under the circumstances as disclosed by the record in this case, it is our conclusion that it would be inequitable not to allow attorney fees, and that the trial court properly held that the appellees were entitled to an allowance for attorneys' fees. The judgment appealed from is hereby affirmed.

*Judgment affirmed.*