(No. 30950.—

W. S. HARRISON, Trustee, *et al., vs.* HELENA A. KAMP *et al.,* Appellees.—(KATHRYN KRENZ *et al.,* Appellants.)

*Opinion filed May 19, 1949—Rehearing denied September 19, 1949.*

DAILY, J., took no part.

CLYDE E. MITCHELL, of La Salle, and WALTER C. OVERBECK, of Henry, for appellants.

ARBER, SWAIN & JOHNSON, of Peoria, and FRED W. POTTER, JR., of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This case is a sequel to *Harrison* v. *Kamp,* 395 Ill. 11, and involves the question of the apportionment of solicitors' fees in a successful cross complaint for partition. Only those facts pertinent to the present inquiry need be recounted here.

In 1933, Walter S. Harrison, acting in behalf of the legal owners and holders of mortgage notes aggregating $32,000, purchased the farm securing the notes at the foreclosure sale. A master's deed was obtained in 1935 and, thereupon, a trust agreement was entered into between the noteholders and Harrison, as trustee. The purpose of the trust was to preserve and liquidate the investment of the noteholders. Accordingly, the trustee was given full power to manage and control the farm and it was further provided that, upon the receipt of the written consent of seventy-five per cent of the interests involved, he should sell the property and distribute the proceeds among the beneficiaries of the trust. Certificates of beneficial interest were issued and the agreement specifically stated that the interest of the beneficiaries was personal property.

Late in 1943, the holders of $58/64$ of the aggregate of the trust certificates executed a written authorization, directing Harrison to sell the farm for $32,000. Although Harrison had a purchaser for the property, the purchaser questioned his ability to convey a good title. Consequently, in

January, 1944, Harrison, as trustee, and the holders of $^{61}\!/_{64}$ of the beneficial interests brought an action in the circuit court of Putnam County for a construction of the trust, making the remaining holders of trust certificates parties defendant. An amended complaint was filed in June, 1944. In substance, the amended complaint set forth the fact that the trust agreement did not make specific provision for the termination of the trust and sought a decree confirming Harrison's title as trustee and determining that the agreement effected an equitable conversion of the real estate.

One of the defendants, an executor of the will of a deceased owner of a trust certificate, answered, averring that the certificate holders owned undivided equitable interests in the real estate and denying the authority of the trustee to sell the property. After plaintiffs replied, all the defendants filed a cross complaint for partition, alleging that the trust agreement failed to create an equitable conversion of the land because it was not signed by all persons having an interest in the land and for the further reason that it violated the rule against perpetuities by failing to contain a specific termination date. The cross complaint alleged that the parties in interest were the equitable owners of the real estate and described the fractional interest of each party. By their answer, the cross defendants set up several special defenses to the allegation that the trust agreement was not executed by all the parties in interest and denied that the agreement was invalid or insufficient to create an equitable conversion of the real estate.

Cross plaintiffs did not file a reply to cross defendants' answer, but made a motion for judgment on the pleadings. The circuit court found that the trust agreement did not create an equitable conversion of the real estate and that Harrison, as trustee, held the legal title for the plaintiffs and defendants, the equitable owners of the real estate. A decree for partition and sale was entered on the cross complaint for partition. Certain cross defendants filed notice

of appeal and, also, a cost bond for $300, as provided for in the decree. While the cause was pending in this court, the chancellor, acting upon the request of the cross plaintiffs, instructed the master that if the bond given was only a cost bond, he could proceed to sell the real estate. This instruction was given without a hearing and without notice to cross defendants. The master proceeded to advertise the property and incurred costs of $68.60 before the sale was abandoned following the issuance of a *supersedeas* by a member of this court in vacation, conditioned on a bond in the sum of $2000. Subsequently, the decree granting partition was affirmed. *Harrison* v. *Kamp,* 395 Ill. 11.

Following the remandment of the cause to the circuit court, the master sold the property and the sale was confirmed by the chancellor. Thereafter, the cross plaintiffs petitioned the court for the allowance of solicitors' fees and introduced evidence as to the reasonable and customary fees in an action for partition. By a supplemental decree distributing the proceeds of the sale to all the parties in interest, the chancellor fixed solicitors' fees at $2850 and ordered this amount apportioned among the parties. In addition, the expense of $68.60 incurred by the master while the appeal was pending was taxed as costs against all the parties. From these provisions of the decree, eight of the cross defendents prosecuted an appeal to the Appellate Court for the Second District. The Appellate Court affirmed the decree of the circuit court. (*Harrison* v. *Kamp,* 335 Ill. App. 260.) We have granted the petition for leave to appeal of the same eight cross defendants. Hereafter, these cross defendants, who were among the original plaintiffs, will be referred to as appellants and the cross plaintiffs, who were also the original defendants, will be called appellees.

Seeking a reversal of the part of the decree apportioning $68.60 in master's expenses as costs, appellants contend that, upon approval of the bond for $300 in the circuit court,

the notice of appeal operated as a *supersedeas* and that, thereafter, the master was without authority or power to carry out the decree of partition and sale until the appeal was decided by this court. On the other hand, appellees urge that we should not take cognizance of this trivial matter; that the bond was a cost bond, only; that the bond was ineffective as a *supersedeas* bond, because it was not in a reasonable amount, as provided by section 82 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 206,) and that appellants' action in obtaining a *supersedeas* from this court shows that they did not regard the notice of appeal as a *supersedeas*. Irrespective of the characterization or amount of the original bond of $300, upon its approval by the trial court the notice of appeal operated as a *supersedeas* and the master was without power to proceed with the sale. (*State Bank* v. *Burr,* 372 Ill. 114.) Appellees could not proceed to have the land sold in disregard of the *supersedeas.* (*Joslyn* v. *Joslyn,* 386 Ill. 387; *Retzinger* v. *Retzinger,* 337 Ill. 378.) If appellees were not satisfied with the bond, they were free to attack its sufficiency and form in the trial court. (*State Bank* v. *Burr,* 372 Ill. 114.) The master having embarked upon a sale which, had it been completed, would have been void, it was improper to apportion the costs of the attempted sale among all the parties in interest. Appellants are not responsible for a prorata share of the master's costs.

The principal and only other question in controversy between the parties is the apportionment of solicitors' fees. This matter is governed by statute. Section 40 of the Partion Act (Ill. Rev. Stat. 1947, chap. 106, par. 40,) provides as follows: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including * * * a reasonable solicitors' fee

for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said complaint." Thus, reasonable solicitors' fees may be apportioned among the parties as costs where the complaint correctly sets forth the interests of the parties and where the defendants do not interpose a good and substantial defense. Appellants do not attack the reasonableness of the fees fixed by the court and, since our decision in the first appeal, there is no longer any question that the appellees properly set forth the rights and interests of all the parties in their cross complaint for partition.

To obtain a reversal of this part of the supplemental decree, appellants make the contention, among others, that the defenses urged in their answer to appellees' cross complaint for partition constituted good and substantial defenses, within the contemplation of the statute, and, therefore, the allowance of solicitors' fees was erroneous. The theory of section 40 of the Partition Act is to allow the apportionment of solicitors' fees against all parties in interest only where it is unnecessary for the defendants, or some of them, to employ counsel to protect their interests in the land. (*Habberton* v. *Habberton,* 156 Ill. 444.) It is essential that the conduct of the solicitor for the parties seeking partition be fair and impartial to all the parties in interest. (*McMullen* v. *Reynolds,* 209 Ill. 504.) Furthermore, it is settled law that any substantial defense made in good faith, although not sustained in either the trial court or the reviewing court, is sufficient to preclude the apportionment of solicitors' fees. (*Gebhardt* v. *Warren,* 399 Ill. 196; *Adams* v. *Adams,* 398 Ill. 581; *McLaughlin* v. *Hahn,* 333 Ill. 83; *Seeberger* v. *Seeberger,* 325 Ill. 47.) In the present case, the cross defendants denied both the quantity and quality of the interests of the parties, as set forth in the cross complaint for partition. In substance,

the answer to the cross complaint averred that the legal and equitable title to the real estate was in the trustee and that the parties seeking partition were not entitled to any relief because their interests were personalty only. The interests of the parties being personal property and descending as such, it was further averred that the interests of certain cross defendants were different in quantity from their interests as set forth in the cross complaint. In addition, several defenses were made to the allegation that the trust agreement had not been signed by all the parties in interest. The partition action was both bitterly and hotly contested throughout the course of the litigation. It cannot be said that the defenses made by cross defendants in the circuit court, although not sustained, were not good and substantial, within the contemplation of section 40 of the Partition Act. This being so, these defenses operated as an absolute bar to the apportionment of solicitors' fees.

Appellees, while conceding that a defense may be good and substantial, although not sustained, contend that the answer to the cross complaint did not interpose a defense of the prerequisite character because the issues raised by the answer did not require a trial of the cause but were decided on a motion for judgment on the pleadings. Suffice it to say that the statute makes no distinction between a defense based on a controverted question of law and one involving a disputed question of fact, and that, in our opinion, a disputed question of law arising on an admitted statement of facts is no less a substantial defense than a disputed question of fact.

The judgment of the Appellate Court and the decree of the circuit court of Putnam County are each reversed.

*Judgment and decree reversed.*

Mr. JUSTICE DAILY took no part in the consideration or decision of this case.